John A. Bicks (NY 2032498)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700

and

Monika J. Machen (IL 6273699)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Proposed Attorneys for Debtors and
Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC. | ) | Case No. 10-30696 (DOT) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HOLLYWOOD ENTERTAINMENT CORPORATION, | ) | Case No. 10-30695 (DOT) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY US, LLC | ) | Case No. 10-30697 (DOT) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MG REAL ESTATE, LLC | ) | Case No. 10-30698 (DOT) |
| | ) | |
| Debtor. | ) | |

4834-1061-5557.1

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HEC REAL ESTATE, LLC | ) Case No. 10-30700 (DOT) |
| | ) |
| Debtor. | ) |

**MOTION OF DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court, pursuant to this motion (the "Motion"), for the entry of an order, substantially in the form of Exhibit A, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:[1]

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

**Background**

4. On the date hereof (the "Commencement Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating

---

[1] The facts and circumstances supporting this Motion are set forth in the Affidavit of Steve Moore, Chief Restructuring Officer of Movie Gallery, Inc., in Support of First Day Motions (the "First Day Affidavit"), filed contemporaneously herewith.

their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.  Each of the Debtors was also a debtor in earlier jointly administered chapter 11 cases commenced in this Court on October 16, 2007 (the "2007 Bankruptcy Cases").[2]  In connection with the 2007 Bankruptcy Cases, the Court confirmed the Second Amended Joint Plan of Reorganization for the Debtors (the "2008 Plan") on April 9, 2008, and the 2008 Plan has since been substantially consummated.

     5.     The Debtors are the second largest North American home entertainment specialty retailer.  As of the Commencement Date, they operate 2,600 retail stores located throughout North America.  The Debtors rent and sell DVDs and video games through three distinct brands — Movie Gallery, Hollywood Video and Game Crazy.

     6.     In 2009, the aggregate annual revenues of the Debtors and their non-Debtor affiliates, including rental revenue and product sales, exceeded $1.4 billion.  Of this amount, approximately 52% was attributed to DVD rentals, 21% to the sale of new and used gaming products, 12% to the sale of previously-rented DVDs and video games, 7% to game rentals, 5% to the sale of concessions and other miscellaneous products, and 3% to the sale of movie-related products and merchandise.  As of January 28, 2010, the Debtors and their non-Debtor affiliates employed approximately 19,082 employees, including approximately 3,970 full-time employees and 15,112 part-time employees.

---

[2] Debtors MG Real Estate, LLC and HEC Real Estate, LLC were previously named M.G.A. Realty I, LLC and MG Automation LLC, respectively, and were renamed following confirmation of the 2008 Plan.

7. Several factors have led to the filing of these chapter 11 cases. First, the video rental industry remains highly competitive. The Debtors face direct and increasing competition from competitors such as Blockbuster, Netflix and Redbox and indirect competition from pay-per-view, cable television and big-box retailers who continue to sell DVDs at increasingly lower prices. This direct and indirect competition has reduced traffic into the Debtors' retail stores, put downward pressure on pricing and thus narrowed the Debtors' operating margins across each segment of their business. Moreover, as the Debtors' financial performance has deteriorated, a large number of their store locations now generate negative cash flows after accounting for payment of rent and other occupancy and operating expenses. Taken together, all of these factors have also contributed to the Debtors' inability to comply with various financial covenants under their credit agreements.

## Relief Requested

8. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Movie Gallery, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| In re: | ) Chapter 11 |
|---|---|
|  | ) |
| MOVIE GALLERY, INC., et al.,[1] | ) Case No. 10-30696 (DOT) |
|  | ) |
| Debtors. | ) |

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4834-1061-5557.1

4

)

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Movie Gallery, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-30696 (DOT). Pursuant to Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia, interested parties may file an objection to joint administration within fourteen days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

12. In addition, Local Bankruptcy Rule 1015-1 provides as follows:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within fourteen days after the meeting of creditors and gives notice of a hearing date on such objection.

The Debtors propose that the order granting the relief requested in this Motion and the docket entry to be added on the docket of each of the Debtors other than Movie Gallery, Inc., each specifically reference the right of a party in interest to object to joint administration pursuant to Local Bankruptcy Rule 1015-1.

13. The entry of joint administration orders in multiple related cases is common and generally non-controversial in this district and other districts. See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 11, 2008); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re LandAmerica Financial Group, Inc., Case No. 08-35994 (KRH) (Bankr. E.D. Va. Nov. 26, 2008); In re The Rowe Companies, Case No. 06-11142 (SSM) (Bankr. E.D. Va. Sept. 18, 2006); In re US Airways, Inc., Case No. 04-13819 (SSM) (Bankr. E.D. Va. Sept. 13, 2004); In re NTELOS, Inc., Case No. 03-32094 (DOT) (Bankr. E.D. Va. Mar. 4, 2003); In re Motient Corp., Case No. 02-80125 (RGM) (Bankr. E.D. Va. Jan. 11, 2002); In re US Airways Group, Inc., Case No. 02-83984 (SSM) (Bankr. E.D. Va. Aug. 12, 2002); In re AMF Bowling Worldwide, Inc., Case No. 01-61119 (DHA) (Bankr. E.D. Va. July 3, 2001); see also In re Dura Auto. Sys., Inc., Case No. 06-11202 (Bankr. D. Del. Oct. 31, 2006); In re J.L. French Auto. Castings, Inc., Case No. 06-10119 (Bankr. D. Del. Feb. 13, 2006); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005).

14. Joint administration in these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these chapter 11 cases will jointly affect each and every Debtor. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these cases by avoiding the duplication of effort associated with, for example, filing multiple duplicative

4834-1061-5557.1                                                6

documents in the Debtors' various individual cases, monitoring each of the Debtors' individual dockets and maintaining individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of parties in interest to monitor these cases will be facilitated by having all pleadings grouped together on one docket. Joint administration also will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee for the Eastern District of Virginia will be simplified.

15. The joint administration of these chapter 11 cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor should still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Thus, individual creditors' rights will not be harmed by the relief requested; by contrast, rather, the constituents will benefit from the cost reductions associated with the joint administration of these cases.

16. Based on the foregoing, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors, their creditors, equity security holders and all other parties in interest.

17. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases.

## Waiver of Memorandum of Points and Authorities

18. The Debtors respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be

accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Bankruptcy Rules for the Eastern District of Virginia.

## Notice

19. As soon as practicable after the commencement of these chapter 11 cases, the Debtors will serve notice of this Motion via hand, overnight delivery, or facsimile to: (a) the Office of the United States Trustee for Eastern District of Virginia; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) Deutsche Bank Trust Company Americas, the first lien collateral agent and McCarter & English, LLP as its counsel; (d) Wilmington Trust Company, the first lien administrative agent; (e) Wachovia Bank, National Association, as first lien Synthetic LC Agent and Synthetic LC Issuing Bank and Otterbourg, Steindler, Houston & Rosen, P.C. as its counsel; (f) Brown Rudnick, LLP, counsel to certain holders of pre-petition first lien term debt (g) Wells Fargo Bank, N.A., the second lien administrative agent and collateral agent; (h) The Bank of New York as administrative agent for pre-petition revolver and Haynes and Boone, LLP as its counsel; (i) Deutsche Bank Trust Company Americas, the joint collateral agent for pre-petition revolver and McCarter & English, LLP as its counsel; (j) Sopris Partners Series A of Sopris Capital Partners, LP, arranger of the pre-petition revolver, and O'Melveny & Myers, LLP as its counsel; and (k) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein and in the First Day Affidavit, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of these chapter 11 cases and (b) granting such other and further relief as is just and proper.

Dated: February 2, 2010
      Richmond, Virginia

Respectfully submitted,

**KUTAK ROCK LLP**

By: /s/ Michael A. Condyles_____

    Michael A. Condyles (VA 27807)
    Peter J. Barrett (VA 46179)
    Bank of America Center
    1111 East Main Street, Suite 800
    Richmond, Virginia  23219-3500
    Telephone:  (804) 644-1700
    Fax:  (804) 783-6192

                  and

**SONNENSCHEIN NATH & ROSENTHAL LLP**

    John A. Bicks (NY 2032498)
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 768-6700
    Fax: (212) 768-6800

                  and

    Monika J. Machen (IL 6273699)
    233 South Wacker Drive, Suite 7800
    Chicago, Illinois 60606-6404
    Telephone: (312) 876-8000
    Fax: (312) 876-7934

*Proposed Attorneys for Debtors and Debtors in Possession*

**EXHIBIT A**

4834-1061-5557.1

John A. Bicks (NY 2032498)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700

and

Monika J. Machen (IL 6273699)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Proposed Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., et al.,[1] | ) Case No. 10-30696 (DOT) |
| | ) |
| Debtors. | ) |
| | ) |

**ORDER DIRECTING JOINT ADMINISTRATION
OF THE DEBTORS' RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order"), directing the joint administration of the Debtors' related chapter 11 cases and the First Day Affidavit; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested

---

1   The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

2   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4834-1061-5557.1

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1. The Motion is granted in its entirety.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 11 cases.

4. The relief granted in this Order shall not prejudice the right of interested parties, pursuant to Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia, to file an objection to joint administration within 14 days after the meeting of creditors to be held pursuant to section 341 of the United States Bankruptcy Code.

5. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC., et al.,[1] | ) | Case No. 10-30696 (DOT) |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

[1] The Debtors in the cases are Movie Gallery, Inc.; Hollywood Entertainment Corporation; Movie Gallery US, LLC; MG Real Estate, LLC; and HEC Real Estate, LLC.

4834-1061-5557.1                                    2

6. A docket entry shall be made in each of the above-captioned cases substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____. Pursuant to Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia, interested parties may file an objection to joint administration within fourteen days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February ___, 2010
Richmond, Virginia

United States Bankruptcy Judge

4834-1061-5557.1

3

We ask for this:


/s/ _____
**KUTAK ROCK LLP**

    Michael A. Condyles (VA 27807)
    Peter J. Barrett (VA 46179)
    Bank of America Center
    1111 East Main Street, Suite 800
    Richmond, Virginia  23219-3500
    Telephone:  (804) 644-1700
    Fax:  (804) 783-6192

                and

**SONNENSCHEIN NATH & ROSENTHAL LLP**

    John A. Bicks (NY 2032498)
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 768-6700
    Fax: (212) 768-6800

                and

    Monika J. Machen (IL 6273699)
    233 South Wacker Drive, Suite 7800
    Chicago, Illinois 60606-6404
    Telephone: (312) 876-8000
    Fax: (312) 876-7934

*Proposed Attorneys for Debtors and Debtors in Possession*