Robert J. Feinstein (NY Bar No. RF-2836)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Lead Counsel for Official
Committee of Unsecured Creditors*

Tyler P. Brown (VSB No. 28072)
Tara L. Elgie (VSB No. 48259)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8674
Facsimile:  (804) 788-8218

*Proposed Local Counsel for Official
Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **:**  Chapter 11 |
| | **:** |
| MOVIE GALLERY, INC., et al.,[1] | **:**  Case No. 10-30696 (DOT) |
| | **:** |
| Debtors. | **:**  (Jointly Administered) |
| | **:** |
| | **:** |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 10, 2010

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (this "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to February 10, 2010, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the

---

[1]  The Debtors in these cases are Movie Gallery, Inc., Hollywood Entertainment Corporation,  Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Rules</u>"); and in

support of the Application, the Committee submits the Declaration of Robert J. Feinstein, a

partner of the Firm (the "<u>Feinstein Declaration</u>"), attached hereto and incorporated herein by

reference.  In support of the Application, the Committee respectfully represents as follows:

## **<u>Jurisdiction</u>**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy

Rules 2014 and 5002, and Local Rule 2014-1.

## **<u>Background</u>**

2.      On February 2, 2010 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary

petition with the Court under chapter 11 of the Bankruptcy Code, thereby commencing the

above-captioned cases.  The factual background regarding the Debtors, including their business

operations, their capital and debt structure, and the events leading to the filing of these chapter 11

cases, is set forth in detail in the *Affidavit of Steve Moore, Chief Restructuring Officer of Movie

Gallery, Inc., in Support of First Day Motions* [Docket No. 9], filed on the Petition Date.

3.      By Order dated February 3, 2010 [Docket No. 64], these chapter 11 cases are

being jointly administered.  The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  As of the date hereof, neither a trustee nor an examiner has been appointed in these

chapter 11 cases.

4.      On February 8, 2010, the Office of the U.S. Trustee appointed the Official

Committee of Unsecured Creditors (the "Committee") in these cases pursuant to sections 1102(a)

and 1102(b)(1) of the Bankruptcy Code [Docket No. 127].

5.      The Committee is presently composed of the following nine creditors: (i)

Paramount Home Entertainment Inc.; (ii) Realty Income Corporation; (iii) Regency Centers LP;

(iv) RR Donnelley & Sons; (v) Sony Pictures Home Entertainment Inc.; (vi) Twentieth Century

Fox Home Entertainment LLC; (vii) Warner Home Video; (viii) Universal Studios Home

Entertainment; and (ix) Weingarten Realty Investors.  V.P.D. IV, Inc. d/b/a VPD ("VPD") and

Developers Diversified Realty Corp. have been made ex officio members.

6.      The Committee has held its organizational meeting, and has decided to retain the

Firm as its lead counsel, Hunton & Williams LLP as its  local counsel, and FTI Consulting, Inc.

as its financial advisor.

7.      The Firm has over 70 attorneys with a practice concentrated on reorganization,

bankruptcy, litigation and commercial issues.  The Firm's attorneys have extensive experience

representing creditors' committees, debtors, creditors, trustees and others in a wide variety of

bankruptcy cases, including in this District.  Based on these facts, the Committee believes that

the Firm is well-qualified to render the services described below.  More information on the Firm

is available at its website, www.pszjlaw.com.

**Relief Requested**

8.      By this Application, the Committee respectfully requests that the Court enter an

order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 328(a) and

1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1,

authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these

chapter 11 cases.  The Committee seeks to retain the Firm *nunc pro tunc* to February 10, 2010

because the Firm began providing services to the Committee as of such date.  The Committee

believes that such *nunc pro tunc* retention is appropriate in these chapter 11 cases because the

Committee required effective representation prior to such time as a retention application could be

submitted to the Court due to the exigencies of these chapter 11 cases, and the Firm has been

providing services to the Committee since February 10, 2010.

### Services to be Rendered

9.    Subject to further order of this Court, the Firm is expected to render, among other

services, the following services to the Committee:

a.    Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these cases;

b.    Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c.    Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

d.    Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

e.    Assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

f.    Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

g.    Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy

Rules and in performing other services as are in the interests of those
represented by the Committee;

h.  Assisting, advising and representing the Committee in the evaluation of
claims and on any litigation matters, including avoidance actions; and

i.  Providing such other services to the Committee as may be necessary in
these cases.

### Disinterestedness of Professionals

10.  To the best of the Committee's knowledge, and based upon the Feinstein

Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with

any party in interest, their attorneys or accountants, other than as set forth in the Feinstein

Declaration.

11.  To the best of the Committee's knowledge, except as provided in the Feinstein

Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the

Committee in the matters on which they are to be retained, and the Firm's attorneys are

disinterested persons under section 101(14) of the Bankruptcy Code.  In light of the Firm's prior

representation of certain movie studio suppliers as set forth in the Feinstein Declaration, the

Committee will rely on conflicts counsel to the extent any issues concerning such suppliers arise

in the chapter 11 cases.

12.  While the Firm has undertaken, and continues to undertake, efforts to identify

connections with the Debtors and other parties-in-interest, it is possible that connections with

some parties-in-interest have not yet been identified.  Should the Firm, through its continuing

efforts or as these cases progress, learn of any new connections of the nature described above,

the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

13.     The Firm represents many committees in other bankruptcy cases, and the members of those committees or those estates may be creditors of the Debtors.  However, the Firm will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

### Professional Compensation

14.     The Committee desires to employ the Firm with reasonable fees to be determined by the Court.  No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and this Court's orders.  The Firm has received no retainer in this case to represent the Committee.  Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee.  The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Robert J. Feinstein | $855.00 per hour |
| b. | Robert B. Orgel | $825.00 per hour |
| c. | John A. Morris | $750.00 per hour |
| d. | Beth E. Levine | $550.00 per hour |
| e. | Gabrielle A. Rohwer | $550.00 per hour |
| f. | David A. Abadir | $425.00 per hour |
| g. | Thomas J. Brown | $205.00 per hour |

15.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2]  By agreement with the Committee, the Firm will not charge for non-working travel time.

---

[2]     These rates are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

## Notice

16.     Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for this District; (iii) counsel to the Debtors' prepetition lenders; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee requests that the Court enter the order (the "Order") annexed hereto as Exhibit A, approving the employment of the Firm as its counsel, *nunc pro tunc* to February 10, 2010, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper.

Dated:  February 26, 2010                    THE OFFICIAL COMMITTEE OF UNSECURED
                                             CREDITORS OF MOVIE GALLERY, INC.

                                             By: _____
                                                 John Roussey, Co-Chair
                                                 Universal Studios Home Entertainment


                                             By: _____
                                                 Jenny Hyun, Co-Chair
                                                 Weingarten Realty Investors

**Notice**

16.     Notice of this Application has been given to the following parties or, in lieu

thereof, to their counsel, if known: (i) counsel to the Debtors; (ii) the Office of the United States

Trustee for this District; (iii) counsel to the Debtors' prepetition lenders; and (iv) all parties

requesting notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the

nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee requests that the Court enter the order (the "Order")

annexed hereto as Exhibit A, approving the employment of the Firm as its counsel, *nunc pro tunc*

to February 10, 2010, to render services as described above with compensation to be paid as an

administrative expense in such amounts as this Court may hereafter determine and allow; and

grant the Committee such other and further relief as the Court deems just and proper.

Dated: February ___, 2010                THE OFFICIAL COMMITTEE OF UNSECURED
                                         CREDITORS OF MOVIE GALLERY, INC.


By: _____
     John Roussey, Co-Chair
     Universal Studios Home Entertainment


By: _____
     Jenny Hyun, Co-Chair
     Weingarten Realty Investors

Dated:   March 1, 2010                    PACHULSKI STANG ZIEHL & JONES LLP


                                          /s/ Robert J. Feinstein
                                          Robert J. Feinstein (NY Bar No. RF-2836)
                                          780 Third Avenue
                                          36th Floor
                                          New York, New York 10017
                                          Telephone: (212) 561-7700
                                          Facsimile: (212) 561-7777
                                          [Proposed] Counsel for Official Committee
                                          of Unsecured Creditors


                               and

                               HUNTON & WILLIAMS LLP


                          By     /s/ Tara L. Elgie
                                 Tyler P. Brown (VSB No. 28072)
                                 Tara L. Elgie (VSB No. 48259)
                                 Riverfront Plaza, East Tower
                                 951 East Byrd Street
                                 Richmond, Virginia 23219
                                 Telephone: (804) 788-8674
                                 Facsimile: (804) 788-8218
                                 *[Proposed] Local Counsel for Official
                                 Committee of Unsecured Creditors*

Robert J. Feinstein (NY Bar No. RF-2836)          Tyler P. Brown (VSB No. 28072)
PACHULSKI STANG ZIEHL & JONES LLP          HUNTON & WILLIAMS LLP
780 Third Avenue                                                   Riverfront Plaza, East Tower
36th Floor                                                              951 East Byrd Street
New York, New York 10017                               Richmond, Virginia 23219
Telephone: (212) 561-7700                               Telephone: (804) 788-8674
Facsimile: (212) 561-7777                                Facsimile:  (804) 788-8218

*Proposed Lead Counsel for Official*                   *Proposed Local Counsel for Official*
*Committee of Unsecured Creditors*                   *Committee of Unsecured Creditors*


## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| MOVIE GALLERY, INC., et al.,[1] | : Case No. 10-30696 (DOT) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |
|  | : |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
## OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## *NUNC PRO TUNC* TO FEBRUARY 10, 2010

This matter came before the Court on the *Application for Entry of an Order Authorizing*

*and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official*

*Committee of Unsecured Creditors Nunc Pro Tunc to February 10, 2010* (the "Application")[2]

and the Declaration of Robert J. Feinstein filed in support of the Application (the "Feinstein

Declaration") both filed by the Official Committee of Unsecured Creditors (the "Committee")

for approval of Pachulski Stang Ziehl & Jones LLP's employment as lead counsel for the

Committee in these cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

---

[1]    The Debtors in these cases are Movie Gallery, Inc., Hollywood Entertainment Corporation,  Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

[2]    Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

Code, 11 U.S.C. §§ 101 et seq., Rules 2014 and 5002 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules") and the

Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided, and it appearing that no other or further notice need be provided; and it

appearing to the Court that the said Application should be approved, it is, therefore, ORDERED:

1.      That the Application is granted.

2.      The Committee is hereby authorized to retain and employ PSZJ as counsel to the

Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code *nunc pro tunc* to

February 10, 2010.

3.      PSZJ shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' cases in compliance with

the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

any other applicable procedures and orders of this Court.

4.      The Committee and PSZJ are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

5.      PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in the Debtors' chapter 11 cases.


Dated: _____          _____
        Richmond, Virginia              The Honorable Douglas O. Tice, Jr.
                                        United States Bankruptcy Judge


**WE ASK FOR THIS:**

/s/ Robert J. Feinstein_____          /s/ Tara L. Elgie_____
Robert J. Feinstein (NY Bar No. RF-2836)    Tyler P. Brown (VSB No. 28072)
PACHULSKI STANG ZIEHL & JONES LLP           Tara L. Elgie (VSB No. 48259)
780 Third Avenue                            HUNTON & WILLIAMS LLP
36th Floor                                  Riverfront Plaza, East Tower
New York, New York 10017                    951 East Byrd Street
Telephone: (212) 561-7700                   Richmond, Virginia 23219
Facsimile: (212) 561-7777                   Telephone: (804) 788-8674
                                            Facsimile:  (804) 788-8218

*Proposed Lead Counsel for Official*
*Committee of Unsecured Creditors*          *Proposed Local Counsel for Official*
                                            *Committee of Unsecured Creditors*


**SEEN AND NO OBJECTION:**

**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)


By: /s/ Robert B. Van Arsdale_____
        Robert B. Van Arsdale (VSB# 17483)
        Assistant U.S. Trustee

Robert J. Feinstein (NY Bar No. RF-2836)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Lead Counsel for Official
Committee of Unsecured Creditors*

Tyler P. Brown (VSB No. 28072)
Tara L. Elgie (VSB No. 48259)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8674
Facsimile: (804) 788-8218

*Proposed Local Counsel for Official
Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| MOVIE GALLERY, INC., et al.,[1] | : Case No. 10-30696 (DOT) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### DECLARATION IN SUPPORT OF APPLICATION
### FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING
### THE EMPLOYMENT OF PACHULSKI STANG ZIEHL &
### JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 10, 2010

I, Robert J. Feinstein, declare under penalty of perjury as follows, pursuant to Rules

2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure:

1.      I am a partner with the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the

"Firm"),[2] with offices located at 780 Third Avenue, 36th Floor, New York, New York 10017-

2024.  I am duly admitted to practice law in the State of New York, the United States District

Courts for the Southern, Eastern, Northern, and Western Districts of New York, and the United

States Court of Appeals for the Second Circuit.  I am also authorized to appear *pro hac vice*

---

[1]    The Debtors in these cases are Movie Gallery, Inc., Hollywood Entertainment Corporation,  Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

pursuant to an Order entered by this Court on February 22, 2010 [Docket No. 303]. I am

authorized to submit this *Declaration in Support of the Application for Entry of an Order*

*Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to*

*the Official Committee of Unsecured Creditors Nunc Pro Tunc to February 10, 2010* (the

"Application").

2.        Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I

have been able to ascertain, has any connection with the Debtors, their creditors or any other

parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any

person employed in the office of the U.S. Trustee, except as set forth herein.

3.        Section 1103(b) of the Bankruptcy Code does not incorporate the general

"disinterestedness" standard of section 327(a).  However, Rule 2014 requires that an application

for employment under section 1103 disclose all connections with the Debtors, the estates, the

professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections

as follows.

4.        The Firm has made the following investigation of disinterestedness prior to

submitting this declaration.  The Firm has undertaken a full and thorough review of its computer

data base which contains the names of clients and other parties interested in particular matters.

The Firm requires all of its professionals, before accepting the representation of a new client, or

the representation of an existing client in a new matter, to perform a conflicts check through the

Firm's data base and to enter into that data base conflict information regarding new clients or

new matters.  Thus, a review of said computerized data base should reveal any and all actual or

potential conflicts of interest with respect to any given representation.  In particular, an employee

of the Firm, under my supervision, ran the names of, among others, (i) the Debtors and non-

Debtor affiliates, (ii) the Debtors' known secured creditors, (iii) the Debtors' officers, directors

and shareholders, (iv) the thirty largest unsecured creditors of the Debtors as disclosed by them

in filings with the Court, (v) counterparties to major leases, (vi) major lawsuit counterparties,

(vii) the Debtors' significant vendors, insurance providers, and utility providers, (viii) the

Debtors' significant competitors, (ix) the United States Trustee for the Eastern District of

Virginia and key staff members, and (x) the Judges of the Bankruptcy Court for the Eastern

District of Virginia, through the Firm's database.  The names of the parties run through the

Firm's data base are set forth on Schedule 1 attached hereto.

     5.    Based on the results of the database, it appears that PSZJ does not hold or

represent any interest adverse to and has no connection, subject to the disclosures set forth

below, with the Debtors herein, their creditors, the U.S. Trustee or any party-in-interest herein in

the matters upon which PSZJ is to be retained, and is a "disinterested person" within the meaning

of section 101(14) of the Bankruptcy Code, subject to the following material disclosures:

    a.    The Firm previously served as counsel to the official committee of
unsecured creditors in the Debtors' first chapter 11 cases, *In re Movie
Gallery, Inc., et al.*, Case No. 07-33849 (DOT) ("Movie Gallery I"), filed
in the United States Bankruptcy Court for the Eastern District of Virginia
on October 16, 2007.  PSZJ believes that its representation of the official
committee of unsecured creditors during the Movie Gallery I bankruptcy
proceedings has not and will not affect its representation of the Committee
in these proceedings.

    b.    As of May 21, 2008, the day after the Effective Date of the *Second
Amended Joint Plan of Reorganization of Movie Gallery, Inc. and its
Debtor Subsidiaries Under Chapter 11 of the Bankruptcy Code* (the
"Movie Gallery I Plan") in the Movie Gallery I bankruptcy case through
January 28, 2010, PSZJ served as counsel to the plan administrator (the
"Plan Administrator") appointed pursuant to the Plan.  The Firm ceased
representation of the Plan Administrator on January 28, 2010, although the

last time it rendered any services to the Plan Administrator was in December 2009. In the 12 months prior to the Petition Date, the Firm's representation of the Plan Administrator has accounted for less than one percent (1%) of PSZJ's total billings. PSZJ believes that its representation of the Plan Administrator has not and will not affect its representation of the Committee in these proceedings.

c. As of May 21, 2008 through January 28, 2010, PSZJ served as counsel to the trustee (the "Trustee") for the MG Litigation Trust established pursuant to the Movie Gallery I Plan to prosecute certain avoidance claims, all of which have been resolved and dismissed. The Firm ceased representation of the Liquidation Trust on January 28, 2010, although the last time it rendered any services to the Liquidation Trust was in December 2009. In the 12 months prior to the Petition Date, the Firm's representation of the Trustee has accounted for less than one percent (1%) of PSZJ's total billings. PSZJ believes that its representation of the Trustee has not and will not affect its representation of the Committee in these proceedings.

d. As of September 30, 2008, PSZJ served as escrow agent (the "Escrow Agent") appointed pursuant to the terms of the Escrow Agreement dated same implemented for the benefit of administering the "cash-out option" for unsecured creditors under the Movie Gallery I Plan. On January 25, 2010, the Firm informed the parties to the Escrow Agreement of its resignation as Escrow Agent. A replacement escrow agent has since been appointed. The Firm received no compensation for its services as Escrow Agent. PSZJ believes that its service as Escrow Agent has not and will not affect its representation of the Committee in these proceedings.

e. Prior to the Firm being selected as counsel to the Committee, beginning in December of 2009, the Firm represented five movie studios and a film distribution company (collectively, the "Studios") involved in these chapter 11 cases. The five studios, Paramount Home Entertainment, Sony Pictures Home Entertainment Inc., Twentieth Century Fox Home Entertainment LLC, Warner Home Video, Universal Studios Home Entertainment, are members of the Committee. The film distribution company, VPD, is an ex officio member. On January 29, 2010, pursuant to a letter agreement, PSZJ received a retainer from the Studios in the amount of $75,000. The Firm rendered de minimis services thereafter, but rather than charging for these services and applying a portion of the retainer, the Firm is returning the entire retainer to the Debtors and will write off the associated time charges and disbursements. PSZJ believes that its prior representation of the Studios has not and will not affect its representation of the Committee in these proceedings, and as set forth in the Application, the Committee will rely on conflicts counsel should any studio issues arise.

f. Twentieth Century Fox Home Entertainment is listed a unsecured creditor of the Debtors. The Firm currently represents or has represented

Twentieth Century Fox Home Entertainment and its affiliates in matters unrelated to the Debtors and these chapter 11 cases. In the 12 months prior to the Petition Date, Twentieth Century Fox Home Entertainment accounted for less than one percent (1%) of PSZJ's total billings. PSZJ believes that its representation of Twentieth Century Fox Home Entertainment has not and will not affect its representation of the Committee in these proceedings.

g.    Lehman Commercial Paper, Inc. is listed a secured lender of the Debtors. In a matter unrelated to the Debtors' chapter 11 cases, PSZJ represents Lehman Commercial Paper, Inc. and its affiliates with respect to the matters arising in the SunCal chapter 11 cases which are pending in the Bankruptcy Court for the Central District of California under jointly administered Case No. 08-17206 (EAS). In the 12 months prior to the Petition Date, Lehman Commercial Paper, Inc. and its affiliates accounted for less than one percent (1%) of PSZJ's total billings. PSZJ will not represent Lehman Commercial Paper, Inc. in these chapter 11 cases, and believes that its representation of Lehman Commercial Paper, Inc. has not and will not affect its representation of the Committee in these proceedings.

h.    Electronic Arts is listed an unsecured creditor of the Debtors. The Firm currently represents or has represented Electronic Arts in a matter unrelated to the Debtors and these chapter 11 cases. In the 12 months prior to the Petition Date, Electronic Arts accounted for less than one percent (1%) of PSZJ's total billings. PSZJ will not represent Electronic Arts in these chapter 11 cases, and believes that its representation of Electronic Arts has not and will not affect its representation of the Committee in these proceedings.

i.    Continental Casualty is listed as a major insurer of the Debtors. In a matter unrelated to the Debtors' chapter 11 cases, PSZJ represented Continental Casualty as a plaintiff in an action against PricewaterhouseCoopers LLP. In the 12 months prior to the Petition Date, Continental Casualty accounted for less than one percent (1%) of PSZJ's total billings. PSZJ will not represent Continental Casualty in these chapter 11 cases, and believes that its representation of Continental Casualty has not and will not affect its representation of the Committee in these proceedings.

j.    Vistar Corporation is listed as an unsecured creditor of the Debtors. The Firm currently represents or has represented Vistar Corporation and its affiliates in several matters unrelated to the Debtors and these chapter 11 cases. In the 12 months prior to the Petition Date, Vistar Corporation and its affiliates accounted for less than one percent (1%) of PSZJ's total billings. PSZJ will not represent Vistar Corporation and its affiliates in these chapter 11 cases, and believes that its representation of Vistar Corporation has not and will not affect its representation of the Committee in these proceedings.

6.    As disclosed above, PSZJ has significant institutional knowledge of the Debtors'

business and operations.  I served as lead counsel for the Committee in Movie Gallery I and will

do so in this case.  This experience makes PSZJ uniquely qualified to represent the Committee in

an effective and efficient manner.  PSZJ has been able to start functioning as Committee counsel

without our professionals spending significant time and resources developing an understanding

of the inner-workings of the Debtors' operations.  This benefits the creditors and the estate not

only by reducing fees but, more importantly, by bringing professionals to the table who have the

ability to provide immediate and constructive input on the best way to rehabilitate the Debtors'

ailing business.  Consequently, I assert that the Firm's extensive history with the Debtors does

not make the firm "materially adverse" to the Debtors.

7.    PSZJ represented, represents, and in the future will likely represent many

committees in matters unrelated to the Debtors and these cases, whose members may be creditors

and/or committee members in these cases.  The Firm, however, is not representing any of those

entities in these chapter 11 cases and will not represent any members of these committees in any

claims that they may have collectively or individually against the Debtors.

8.    PSZJ and certain of its partners, of counsel and associates represented, represents,

and in the future will likely represent creditors of the Debtors in connection with matters

unrelated to the Debtors and these cases.  At this time, the Firm is not aware of any such

representations except as noted herein.  If the Firm identifies any further such representations,

the Firm shall make further disclosures as may be appropriate at that time.

9.    Further, as part of its practice, PSZJ appears in numerous cases, proceedings and

transactions that involve many different professionals, including attorneys, accountants and

financial consultants, who may represent claimants and parties-in-interest in the Debtors' chapter 11 cases. The Firm has represented, represents, and in the future will likely represent debtors and creditors committees in cases unrelated to the Debtors and these chapter 11 cases wherein one or more of the aforementioned firms serve or will serve professionals.

10.     Subject to Court approval, the Committee will seek to retain various professionals during the pendency of these cases, including Hunton & Williams LLP as local counsel, and FTI Consulting, Inc. as financial advisor.

11.     The Firm has represented, represents, and in the future will likely represent debtors and creditors committees in cases unrelated to the Debtors and these chapter 11 cases wherein one or more of the aforementioned firms have served as professionals.

12.     PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

a.     are not creditors, equity security holders or insiders of the Debtors;

b.     are not and were not within 2 years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors;

c.     are not and were not, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

d.     does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

13.     Except as disclosed above, the Firm has received no retainer from the Debtors or Committee or any payment, nor any promise of payment, during the one-year period prior to the filing of the Debtors' petitions. No compensation has been paid or promised to be paid from a

source other than the Debtors' estates in these chapter 11 cases.  No promises have been received

by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection

with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.

The Firm has no agreement with any other entity to share with such entity any compensation

received by the Firm in connection with these chapter 11 cases, except among the partners, of

counsel and associates of the Firm.  Neither the Committee nor its members (or any of their

representatives) are or will be liable for fees or costs incurred by the Firm in its representation of

the Committee.

14.     The Firm intends to apply for compensation for professional services rendered in

connection with these chapter 11 cases subject to approval of this Court and compliance with

applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual,

necessary expenses and other charges incurred by the Firm.  The principal attorneys and

paralegals presently designated to represent the Committee and their current standard hourly

rates are:

|    |                        |                      |
|----|------------------------|----------------------|
| a. | Robert J. Feinstein    | $855.00 per hour     |
| b. | Robert B. Orgel        | $825.00 per hour     |
| c. | John A. Morris         | $750.00 per hour     |
| d. | Beth E. Levine         | $550.00 per hour     |
| e. | Gabrielle A. Rohwer    | $550.00 per hour     |
| f. | David A. Abadir        | $425.00 per hour     |
| g. | Thomas J. Brown        | $205.00 per hour     |

15.     The hourly rates set forth above are the Firm's standard hourly rates for work of

this nature, which are subject to adjustment from time to time.  These rates are set at a level

designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover

fixed and routine overhead expenses.  These rates are subject to periodic adjustments to reflect

economic and other conditions.  Other attorneys and paralegals may from time to time serve the

Committee in connection with the matters described herein, and the Firm will charge its standard

hourly rates for their services.  Pursuant to the request of the Committee, the Firm will not bill its

time charges for non-working travel time.  It is the Firm's policy to charge its clients in all areas

of practice for all other expenses incurred in connection with the client's case.  The expenses

charged to clients include, among other things, telephone and telecopier toll and other charges,

mail and express mail charges, special or hand delivery charges, document retrieval,

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and

labels) provided by the Firm to outside copying services for use in mass mailings, travel

expenses, expenses for "working meals," computerized research, transcription costs, as well as

non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge

the Committee for these expenses in a manner and at rates consistent with charges made

generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses

to the clients incurring them than to increase the hourly rates and spread the expenses among all

clients.

     16.    PSZJ intends to work closely with Hunton & Williams LLP, and FTI Consulting,

Inc. and other professionals retained by the Committee, to ensure that there is no unnecessary

duplication of services performed or charged to the Debtors' estates.

Dated:  March 1, 2010                  /s/ Robert J. Feinstein
                                        Robert J. Feinstein

## Schedule 1

**Debtors and Non-Debtor Affiliates**

HEC Real Estate, LLC
Hollywood Entertainment Corporation
MG Real Estate, LLC
Movie Gallery Canada, Inc.
Movie Gallery US LLC
Movie Gallery, Inc.

**Lenders**

Ansonville LP
Arrow Distressed Securities
Aspen Advisors, LLC
Bank of America, N.A.
Canpartners Investments IV, LLC
Carlyle Strategic Partners II
Carlyle Strategic Partners LP
Caspian Capital Partners, LP
Cox Equity Partners, Ltd
Credit Suisse Loan Funding LLC
CSP II Coinvestment LP
Cypress Management L.P.
Deephaven Distressed OPP Trading
DQ Limited
EnterAspen Limited
Epic Distressed Debt
Gabriel Capital LP
Goldman Sachs Credit Partners
Goldman Sachs Lending Partners
GPC 76, LLC
Hawkeye Capital Master
J.P. Morgan Chase
Kensington International Ltd.
Korenvaes
LA Capital Management Ltd.
Lehman Commercial Paper Inc.
Lenado DP LP - Series A, of Lenado DP, L.P.
Lenado Partners-Series A of Lenado Capital Partners, L.P.
Libertyview Loan Fund, LLC
Marblegate Special OPP Master Fund
Mariner LDC
Merrill Lynch Credit Products
Milfam II, LP
Millennium Partners LP
Normandy Hill Master Fund L.P.
Par Investment Partners LP
Private Advisors Coinvestment Fund, LP
Resolution Master Fund
Rovida Holdings Limited
RR Investments Company Ltd.
Schultze Master Fund Ltd.

Sierra Fund V, LLC
Sopris Capital Advisors, LLC
Southpaw Credit Opportunity Master Fund LP
Springfield Associates LLC
SPV DOS, LLC
SPV UNO, LLC
TCW Shared Opportunity FD V LP
TCW Shared Opportunity Fund 4B
The Richmond Fund LP
UBS AG Stamford Branch
Vail Credit Opportunities Fund
Valinor Capital Partners LP
Valinor Capital Partners Offshore MF
Venor Capital
Wilshire Inst. Master Fund
Woody Creek Capital Partners

**Major Movie Studios**

Lions Gate Entertainment
Magnolia Home Entertainment
Paramount Home Video
Sony Pictures Home Entertainment
Universal Studios Home Entertainment
VPD, Inc.
Warner Home Video
Twentieth Century Fox Home Entertainment

**Major Game Vendors**

Activision Inc.
Atari Inc.
Capcom Entertainment Inc.
Electronic Arts
Microsoft Corporation
Nintendo of America Inc.
Sony Computer Entertainment of America
Take 2 (Joag Publishing)
THQ Incorporated
Ubi Soft Inc.

**Major Insurance Carriers**

Beazley Special Ins.
Continental Casualty
Federal Insurance Co.
Liberty Insurance Co.
Liberty Mutual Fire Insurance Co.
Liberty Mutual Insurance Co.
National Surety Corp.
North River Insurance Co.
XL Specialty Insurance Co.
Zurich American

**Administrative and Collateral Agents**

Bank of New York
Deutsche Bank
Wachovia Bank
Wells Fargo Bank
Wilmington Trust

**Major Lawsuit Counterparties**

Bayaa, Naim
Benson, Gary
Cousins, Keith
Dade, William
Davila, Rudy
Greenshields, Mark
Guerriero, Mario
Hill, Kathleen
Johnson, Thomas
Malugen, Joe
Miranda, Rafael
Pettis, Brandy
Rahmes, John
Todd, Page

**Major Landlords**

Camille Brook LLC
Centro Properties Group
Developers Diversified
Fred Meyer Stores Inc.
H.E. Butt Store Property Company
Inland Southwest Management LLC
Inland US Management LLC
Kimco
New Plan
Phillips Edison
Realty Income Comparison
Regency Centers, LP
SHAG of Mississippi, Inc.
Southern Development of MS Inc.
Weingarten Realty Advisors

**Former and Current Directors and Officers**

Baier, Lucinda M.
Ceglia, Theodore F.
Corey, Michael R.
Dunlap, Roger A.
Fiorella, Robert
Gabriel, Clarence J.
Gordon, Jeffry B.
Griffin, Brad A.
Guest, Caroline R.

Guy Marsala, M.
Hay, Gary N.
Herring, Curry M.
Holliday, Mark
Innes, Theodore L.
Johnson Jr., Thomas D,
Johnson, Brent A.
Jump, John
Kitchens, Phillip B.
Klemp, Jeffrey C.
Levy, Seth
Lockwood, James
Loyd, Mark S.
Maicki, Richard J.
Malugen, Joe T.
McGrath, Thomas
Miller, Craig J.
Mitchell, Nicholas H.
Mityas, Sherif J.
Morgan, Steve
Motzenbecker, Kenneth C.
Parrish, H. Harrison
Patterson, Samuel A.
Riggsby, Benjamin C.
Robinson, Michael D.
Sand, Wesley D.
Scheiwe, Steven
Schneider, Pamela R.
Shorten, Richard
Snow, William
Stubbs, Jeffrey S.
Subin, Neil
Suominen, Robert A.
Todd, S. Page
Torng, Clifford

**Professionals**

Alvarez & Marsal Inc.
Burr Pilger & Mayer LLP
Corliss Moore & Associates
DJM Realty
Kurzman Carson Consultants
Kutak Rock LLP
Gordon Brothers Group
Moelis & Company
Sonnenschein Nath & Rosenthal LLP
Brown Rudnick LLP

**Major Creditors**

Activision Inc.
AGI Polymatrix
Aspen Advisors, LLC
Electronic Arts
EnterAspen Limited
Faciltysource Inc.
Federal Express
Image Entertainment Inc.
Inland Commercial Property Management Inc.
Innerworkings Inc.
Lenado DP, Series A of Lenado DP, L.P.
Lenado Partners, Series A of Lenado Capital
Partners, L.P.
Microsoft Corporation
Midway Home Entertainment Inc.
Millennium Media Services
Nintendo of America Inc.
Ostler Group
Paramount Home Video
Realty Income Corporation
Sony Computer Entertainment of America
Sony Pictures Home Entertainment
Sopris Capital Advisors, LLC
SPV Uno, LLC
Starz Home Entertainment, Inc.
The Richmond Fund, L.P.
THQ Incorporated
Twentieth Century Fox Home Entertainment
Universal Studios Home Entertainment
Vail Credit Opportunities Fund, LLC
Valassis Direct Mail Inc.
VPD, Inc.
Warner Home Video

**Shareholders and Warrant Holders**

Anguiano, Leo
Aspen Advisors, LLC
Baier, Lucinda
Ceglia, Ted
Cox Equity Partners, Ltd.
DQ Ltd.
Dulles, Ted
Dunlap, Roger
Enteraspen Limited
Fiorella, Robert
Guest, Caroline
Holiday, Mark
Hopp, Scott
Kirk, Katherine
Klemp, Jeff
Lenado DP, LP
Lenado Capital Partners LP

MacNaughton, Robert
Maicki, Rick
McGrath, Thomas
Mityas, Sherif
Pandhi, Vijay M.
Private Advisors Coinvestment Fund, LP
Private Advisors Special Situations Fund, LLC
Private Advisors Special Situations Fund, LP
Private Advisors, LLC
Riggsby, Ben
Rovida Holdings Limited
RR Investment Company Ltd
Sand, Wesley
Scheiwe, Steven
Schneider, Pamela
Shorten, Richard
Sierra Fund V, LLC
Sopris Capital Advisors, LLC
SPV DOS LLC
Subin, Neil
The Richmond Fund, L.P.
Thompson, Joe
Vail Credit Opportunities Fund, LLC

**Banks with Significant Relationships**

Bank of America Corporation
Wachovia Bank, N.A.

**Significant Vendors**

Active International
Advantage IQ
Agi Polymatrix
Burr Pilger & Mayer
Emdeon Business Services Inc.
Facilitysource Inc.
Federal Express
Fred Meyer Stores Inc.
Incomm
Innerworkings Inc.
Kelly Services Inc.
Liberty Mutual Insurance Group
Ostler Group
Pepsi
Realty Income Corporation
Starz Home Entertainment Inc.
Trillium Industries Inc.
Valassis Direct Mail Inc.
Vistar Corporation
WYF Properties, LLC

**Significant Utility Providers**

Alabama Power
APS/ Arizona Public Service
Central Maine Power
Constellation NewEnergy
Consumers Energy
CPS Energy
Dominion Virginia/NC Power
DTE Energy
Duke Energy
EI Paso Electric Company
Entergy Arkansas, Inc.
Florida Power & Light Company
Georgia Power
MidAmerican Energy Company
National Grid - New York
NIPSCO - Northern Indiana Public Serv. Co.
NV Energy
Pacific Gas & Electric
Pacific Power - Rocky Mountain Power
Portland General Electric
Progress Energy Carolinas, Inc.
Puget Sound Energy
Reliant Energy Solutions
Sacramento Municipal Utility District
Southern California Edison
SRP - Salt River Project
WE Energies Wisconsin Electric/Gas
XCEL Energy - Northern States Power Co.

**Significant Competitors**

Blockbuster Inc.
Comcast Corporation
Netflix, Inc.
Redbox Automated Retail, LLC

**Letter of Credit Beneficiaries**

Activision
Chubb Insurance
Constellation Energy
EA Games
Federal Express
Liberty Mutual
Moneris
ProLogis
Sony Computer Entertainment of America
THQ
Travelers Insurance

**Significant Tenants**

4G Wireless
Adobo Enterprises, LLC
Ashley Lynn's Tanning Salon
Aspen Dental
AT&T
Century 21 (EZFICO)/Realty World
Cingular Wireless
Eagle Eye Pizza
Houston Pizza Venture
Houston Pizza
Iconz Cosmetics Myka
Jersey Mikes
Magic Dragon Chinese Eatery
Papa Johns
Pizza Venture
Qdoba Mexican Grill
Rundberg (Little Caesar)
SCIL Texas, Inc (Speedy Cash)
Subway
Telecorp

**United States Trustee for the Eastern District of Virginia (and Key Staff Members)**

Bove, Frank J. (Trial Attorney)
Byrnes, John R. (Assistant U.S. Trustee)
Conlon, Debera F. (Assistant U.S. Trustee)
Davis, Martha L. (Trial Attorney)
Early, Dennis J. (Assistant U.S. Trustee)
Frankel, Jack I. (Trial Attorney)
Franklin, Shannon D. (Trial Attorney)
Garber, Margaret K. (Trial Attorney)
Guzinski, Joseph A. (Trial Attorney)
McDow, Jr., W. Clarkson (U.S. Trustee)
Pecoraro, Shannon F. (Trial Attorney)
Van Arsdale, Robert (Assistant U.S. Trustee)
Weschler, Cecelia A. (Trial Attorney)
Whitehurst, III, Kenneth N. (Trial Attorney)

**Judges for the Bankruptcy Court of the Eastern District of Virginia**

Hon. Kevin R. Huennekens (Richmond Division)
Hon. Robert G. Mayer (Alexandria Division)
Hon. Stephen S. Mitchell (Alexandria Division)
Hon. Frank J. Santoro (Norfolk and Newport News Divisions)
Hon. Stephen C. St. John (Norfolk and Newport News Divisions)
Hon. Douglas O. Tice, Chief Judge (Richmond Division)