Robert J. Feinstein (NY Bar No. RF-2836)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue
36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Proposed Lead Counsel for Official
Committee of Unsecured Creditors*

Tyler P. Brown (VSB No. 28072)
Tara L. Elgie (VSB No. 48259)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8674
Facsimile: (804) 788-8218

*Proposed Local Counsel for Official
Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>MOVIE GALLERY, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 10-30696-DOT<br><br>(Jointly Administered) |

**ORDER CLARIFYING REQUIREMENT TO
PROVIDE ACCESS TO CONFIDENTIAL
INFORMATION OR TO PRIVILEGED INFORMATION**

Upon the Motion[2] filed by the Official Committee of Unsecured Creditors (the "Committee") of Movie Gallery, Inc., et al. (the "Debtors"), the Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual

---

[1] The Debtors in the cases are Movie Gallery, Inc.; Hollywood Entertainment Corporation; Movie Gallery US, LLC; MG Real Estate, LLC; and HEC Real Estate, LLC.

[2] Capitalized terms used herein that are not otherwise defined shall have the meanings set forth in the Motion.

bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estate, its creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED.

No committee appointed in this case shall be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[3] of the Debtors to any creditor it represents, except as provided below.

No committee shall be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[4] to any creditor it represents, except as provided below.  Nonetheless, any committee appointed shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not

---

[3] For purposes of this Order, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the Receiving Parties by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the receiving parties by or on behalf of any of the Debtors, as well as derivations, summaries, and analyses of Confidential Information prepared by or on behalf of any of the receiving parties to the extent that Confidential Information is included, incorporated, conveyed or referenced therein.

[4] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

Confidential Information, and (b) the relevant privilege is held and controlled solely by the Creditors' Committee.

The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.  The Committee shall, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of these chapter 11 cases, and a further order of the Court, set up and maintain a website.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to a website (www.pszjlaw.com/moviegallery.html) it shall maintain with specific links for Committee Reports and case information.  Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B), the Committee's website information page(s) will include contact information for the Committee's counsel, including an email address to allow unsecured creditors to send questions and comments in connection with the case.

Privileged and Confidential Information.  The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"):  (i) without further order of the Court, Confidential Information or (ii) Privileged Information.

Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter,

adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals.

<u>Creditor Information Requests.</u>  If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102 (b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a long or other index of any information specifically responsive to the Requesting Creditor's request

that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct and *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or Privileged Information.

In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable law. Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

Release of Confidential Information of Third Parties. In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors objects to such Demand on or before fifteen (15) days after the service of such

Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. § 704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia
          _____ \_\_\_, 2010

                              _____
                              United States Bankruptcy Judge

## **LOCAL RULE 9022-1 CERTIFICATION**

I hereby certify that the foregoing has been served by electronic means to all upon all necessary parties and all parties who receive notice in this case pursuant to the Court's CM/ECF system and/or by electronic mail pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 118] entered in these cases.

/s/ Tara L. Elgie
Tara L. Elgie (VSB No. 48259)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8674
Facsimile:  (804) 788-8218

*Proposed Local Counsel for Official Committee of Unsecured Creditors*