**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Case No. 10-30696 |
| | ) Jointly Administered |
| MOVIE GALLERY, INC., <u>et al.</u>,[1] | ) Chapter 11 |
| | ) Hon. Douglas O. Tice, Jr. |
| Debtors. | ) |
| | ) |

STATEMENT OF FINANCIAL AFFAIRS FOR

**Movie Gallery, Inc.**

CASE NO. **10-30696**

---

[1] The Debtors in the cases are Movie Gallery, Inc.; Hollywood Entertainment Corporation; Movie Gallery US, LLC; MG Real Estate, LLC; and HEC Real Estate, LLC.

John A. Bicks (NY 2032498)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700

And

Monika J. Machen (IL 6273699)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone:  (312) 876-8000

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700

*Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., <u>et al.</u>,[1] | )   Case No. 10-30696-DOT |
| | ) |
| Debtors. | ) |
| | ) |

**NOTES PERTAINING TO ALL OF THE DEBTORS[2]**

On February 2, 2010 (the "Commencement Date"), Movie Gallery, Inc. ("Movie Gallery") and its domestic affiliates (collectively, the "Debtors") filed voluntary petitions (collectively, the "Chapter 11 Cases") with the Bankruptcy Court under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 3, 2010, the Court entered an order jointly administering the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

The Schedules of Assets and Liabilities, the Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules") and the Statements of Financial Affairs (the "Statements" and with the Schedules, the "Schedules and Statements") of the Debtors have been prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtors' management with the assistance of their advisors and are unaudited.   These notes (the "Global Notes") pertain to all of the Schedules and Statements. While the Debtors have made reasonable efforts to ensure that the Schedules and Statements are

---

[1]  The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

[2] These notes are in addition to the specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information that is subject to further review and material adjustment. The Debtors have not completed certain valuation analysis required by generally accepted accounting principles ("GAAP") for the fiscal year ended January 3, 2010, including, but not limited to, impairment charges related to its tangible and intangible assets under ASC 360 and ASC 350, and inventory lower of cost or market adjustments in accordance with ASC 330. Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to these Chapter 11 Cases including, without limitation, any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Amendment.** The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

**Basis of Presentation.** The Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on an individual basis. Accordingly, the totals listed herein will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors. While the Schedules and Statements, at times, incorporate information prepared in accordance with GAAP, the Schedules and Statements do not represent financial information prepared in accordance with GAAP.

**Causes of Action.** The Debtors, despite efforts, may not have identified or set forth all of their causes of action (filed or potential) as assets in their Schedules and Statements. Notwithstanding this, the Debtors reserve all of their rights with respect to any causes of action they may have. Nothing in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Consolidation of Certain Information**. Certain financial and other information in the Schedules and Statements is provided on a consolidated basis as described in these Global Notes. The listing of information on a consolidated basis is not, and should not be construed as, an admission or view as to the appropriateness of substantive consolidation. The Debtors reserve their right to amend their Schedules and Statements for any or all Debtors to file such Statement or Schedule of such Debtors on an unconsolidated basis.

In particular, the Debtors' income is presented on a consolidated basis and is reported under Question 1 of Movie Gallery's Statement of Financial Affairs for all Debtors.

The Debtors utilize a consolidated accounts payable and disbursement system through which substantially all business-related expenses of all Debtors are paid by either Hollywood Entertainment Corporation ("HEC") or Movie Gallery US, LLC ("MGUS") on behalf of the appropriate Debtor. Therefore, payments listed in response to Statement Questions 3b, 3c, 9 and 23 and claims listed on Schedules D, E, and F for HEC and MGUS also include payments and claims made or incurred by these Debtors on behalf of the other Debtors. Specifically, all of the

payments made by and on behalf of any Debtor that are responsive to Question 9 of the Statements, were made by HEC and reference should be made to this response to Question 9 for all Debtors. Additionally, the Debtors do not separately account for certain of the assets and liabilities of MG Real Estate LLC ("MGRE") and HEC Real Estate LLC ("HECRE") and, therefore, such amounts for MGRE and HECRE are reflected, on a consolidated basis, in the Schedules and Statements of MGUS and HEC.

The Debtors' file taxes as a consolidated group. Movie Gallery is the parent corporation that files the federal corporate income tax return for the consolidated group. HEC is a corporation wholly owned by Movie Gallery, Inc. and is included in Movie Gallery's federal corporate return as a subsidiary. All of the other Debtors are limited liability companies which the Debtors have elected to treat as disregarded entities for federal income tax purpose. As such, each of the other Debtors is treated as a division of its sole member and is not listed separately on the federal income tax return.

**Current Market Value – Net Book Value**. The Debtors believe it would be an inefficient use of the assets of the Debtors' estates for the Debtors to obtain current market valuations of their assets. Accordingly, unless otherwise indicated, net book values are reflected on the Schedules and Statements. The net book values are unaudited and subject to material changes pending the outcome of valuation analysis in accordance with ACS 350, ACS 360 and ACS 330. For this reason, amounts ultimately realized will vary from net book value and such variance may be material. In addition, the amounts shown for liabilities exclude items identified as "Unknown" or "Undetermined" and, thus, the Debtors' ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Dates**. Unless otherwise indicated, the Schedules and Statements reflect the Debtors' assets and liabilities as of the Commencement Date.

**Description**. Any failure to designate an amount on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds including, but not limited to, amount, liability, validity, priority or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated." The Debtors reserve the right to amend these Schedules and Statements accordingly.

**Estimates**. To close the books and records of the Debtors as of the Commencement Date, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of their assets, liabilities, revenue and expenses.

**Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, de minimis deposits, and accrued liabilities including, without limitation, accrued salaries and employee benefits, tax accruals, and accrued accounts payable. Other immaterial assets and liabilities may also have been excluded. Furthermore, the Debtors have received authority from the Bankruptcy Court to honor and/or pay certain prepetition claims including, but not limited to, the authority to pay outstanding prepetition wages to employees and to honor orders for which customers may have placed

deposits with the Debtors. The obligations that have been satisfied are de minimis individually and significant in number and, as such, are excluded from the Schedules and Statements.

**Insiders**. The Debtors have included in the Schedules and Statements all payments made during the one-year period preceding the Commencement Date to any individual deemed an "insider." The Debtors have defined "insider" as any individual that has served as either an executive officer with a title of SVP or higher or a director of a Debtor at any time within the one-year period prior to the Commencement Date. It should be noted that such individuals may not have been executive officers for the entire one-year period. Individuals from Corliss Moore & Associates hold interim management positions with the Debtor and could be deemed insiders. For purposes of preparing the Schedules and Statements, in particular the responses to Questions 3c and 23 of the Statements, the Debtors have not treated these individuals as insiders. All payments to Corliss Moore & Associates have been included in the Debtors response to Question 9 of the MGUS Statement. Payments to insiders also include equity grants which are subject to subsequent vesting conditions and forfeiture under certain circumstances.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

**Inter-company Transactions**. Prior to the Commencement Date, the Debtors routinely engaged in inter-company transactions resulting in inter-company accounts payable and receivable. Given the significant volume and ordinary course nature of such transactions, the Debtors have not listed such transactions in the Schedules and Statements.

**Inventory.** Inventory, where applicable, is presented without consideration for any potential liens asserted by domestic common carriers, shippers, truckers, shipping auditing services, customs agents, warehousemen, mechanics, materialmen or similar liens.

**Schedule D – Creditors Holding Secured Claims**. Utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D entities that may believe their claims are secured through setoff rights, deposit posted by or on behalf of, the Debtor, or inchoate statutory lien rights. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy court, the Debtors reserve their right to dispute or challenge, among other things, the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.

Movie Gallery is the primary obligor of the Debtors' secured indebtedness which consists of a (i) secured first lien revolver, (ii) a secured first lien term loan, and (iii) a secured second lien term loan. The amounts of these obligations are set forth on Schedule D for each of the Debtors. These loans are secured by a first or second priority lien all of the assets of Movie Gallery, as provided in the governing loan documents. Each of the other Debtors is a guarantor of all of Movie Gallery's obligations under the governing loan documents and such guarantees are

secured by a security interest in each Debtor's assets with the same relative priority as the liens securing Movie Gallery's primary obligations. Certain agreements amongst the lenders governed their relative rights in the proceeds of their collateral and certain other matters between them.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**. Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Commencement Date. Furthermore, the Debtors have attempted to relate all liabilities to a particular Debtor. As a result of the consolidated payment and disbursement system discussed herein, however, in certain cases, it would be time-consuming and an inefficient use of the assets of the Debtors' estates to analyze the Debtors' consolidated systems to assign a given liability to a particular Debtor. For this reason, in certain situations, the liability of a given creditor may appear on Schedule F for either MGUS, HEC or both and may also appear on Schedule F for another Debtor. Therefore, for a complete understanding of the unsecured debts to be scheduled on Schedule F of a particular Debtor, entities should review both the Schedule F for such particular Debtor and the Schedule F for MGUS and HEC. To the extent the same claim is listed on the Schedules of more than one Debtor, the Debtors have done so out of an abundance of caution and do not admit or acknowledge that any creditor is entitled to more than one recovery on any claim.

The list of litigation and claims contained in the Schedules and Statements, including Question 4.a. of the Statements and Schedule F, may contain certain proceedings that were intended to be filed against certain of the Debtors, but were inadvertently filed against another Debtor. Out of an abundance of caution, proceedings commenced or claims made against multiple Debtors have been listed in the Schedules and Statements of each Debtor. Any information contained in the Schedules and Statements shall not be a binding representation of the liability of Debtors with respect to any suits, proceedings or claims included therein.

**Schedule G – Executory Contracts and Unexpired Leases**. Reasonable efforts have been taken to relate all executory contracts to a particular Debtor. However, as a result of the consolidated payment and disbursement system discussed herein and the structure of Debtors overall business operations many vendor contracts have been entered into by both HEC and MGUS and/or Movie Gallery, and HEC and MGUS may obtain goods and services under vendor contracts enter into by one of HEC or MGUS. It would be time-consuming and an inefficient use of the assets of the Debtors' estates to analyze the Debtors' consolidated systems to assign a given vendor executory contract to a particular Debtor. For this reason, all of the vendor executory contracts of Movie Gallery, HEC and MGUS have been listed on Schedule G for HEC. For a complete understanding of the executory contracts and unexpired leases to be scheduled on Schedule F of a particular Debtor, entities should review both the Schedule G for such particular Debtor and the Schedule G for HEC. To the extent the same contract is listed on the Schedule of more than one Debtor, the Debtors have done so out of an abundance of caution and do not admit or acknowledge that any Debtor is party to such executory contract.

Certain real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination agreements, nondisturbance agreements, purchase orders, supplemental agreements, amendments/letter agreements, confidentiality agreements and oral agreements. Such agreements have not be set forth on Schedule G. Certain of the Debtors stores are located on property owned by one Debtor and leased to another. These intercompany leases have not been set forth on Schedule G.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various agreements, restatements, waivers, estoppel certificates, letters, e-mails, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties"), including Guaranties of executory contracts and unexpired leases, secured financing and other agreements. In particular, pursuant to the plan of reorganization in the Debtors' prior chapter 11 bankruptcy, HEC and MGUS may be guarantors of many of the unexpired leases that are listed on Schedule G for HECRE and MGRE and these guarantees are not listed on Schedule G. Other Guaranties embedded in the Debtors' executory contracts and unexpired leases may have been inadvertently omitted.

Reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, however, inadvertent errors, omissions or over-inclusion may have occurred. Listing a contract, agreement or lease on Schedule G does not constitute an admission that such contract, agreement or lease is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable. Conversely, the omission of a contract, agreement or lease from Schedule G is not intended and shall not be construed as an admission that such omitted contract, agreement or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to their contracts, agreements or leases shall not be construed as and are not impaired by the omission or inclusion on Schedule G.

The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim or the validity, status, enforceability thereof or liability thereunder.

**Schedule H – Co-Debtors**. Certain of the Debtors' lenders, with respect to borrowings, have asserted liens extending to each of the Debtors. For purposes of Schedule H, only the administrative agent is listed for such borrowings. Additionally, it is possible that the legal and/or administrative proceedings that are listed on Schedule F have been asserted against multiple Debtors. Due to the volume of such claims, and because all such claims are contingent,

disputed or unliquidated, and listed elsewhere in the Schedules and Statements, such co-debtor information is not listed on Schedule H.

**Setoffs/Returns**. The Debtors routinely incur setoffs from customers, suppliers and landlords during the ordinary course of business. Setoffs in the ordinary course can result from various items including, without limitation, inter-company transactions, pricing discrepancies, returns, warranties and other disputes between the Debtors and their customers,suppliers and landlords. These setoffs are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all such ordinary course setoffs. Therefore, such setoffs are excluded from the Debtors' Schedules and Statements. Likewise, in the ordinary course of its business Debtors accept returns of merchandise from its customers and return damaged, recalled and defective merchandise to suppliers for credit. These returns from consumers and to suppliers are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all such ordinary course returns. Therefore, such returns are excluded from the Debtors' Schedules and Statements.

**Totals**. All totals that are included in the Schedules represent totals of all known amounts included in the Debtors' books and records at the time of the Commencement Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, at times materially.

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Eastern District of Virginia

**In re: Movie Gallery, Inc.**                                                      **Case No. 10-30696 (DOT)**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

### 1.  Income from employment or operation of business
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $77,940,552.00 | Consolidated gross revenue for the 2010 fiscal year, through February 2, 2010 (1) |
| | $1,332,484,646.00 | Consolidated gross revenue for the 2009 fiscal year (1) |
| | $1,861,570,131.00 | Consolidated gross revenue for the 2008 fiscal year (1) |

*Footnote:*
*(1) See Global Notes.*

1030696100401143443988501

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $13,140,497.00 | 2008 Debt Repurchase |
| | $30,761,366.00 | 2009 Debt Repurchase |
| | $2,250,000.00 | 2008 Asset Sales re Movie Beam Fixed Assets |

## 3. Payment to creditors

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| | See Global Notes. | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| | See Global Notes. | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|--------------------------------|----------------------|------------------------------|-----------------------|
|      | See Attachment 4a              |                      |                              |                       |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|-----------------------------------------------------------------|-----------------|-----------------------------------|
| X    |                                                                 |                 |                                   |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|----------------------------------------|------------------------------------------------------------|-----------------------------------|
| X    |                                        |                                                            |                                   |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|------------------------------|--------------------|-----------------------------------|
| X    |                              |                    |                                   |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|-------------------------------|----------------------------------------------|---------------|-----------------------------------|
| X    |                               |                                              |               |                                   |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|------|--------------------------------------------|--------------------------------|--------------|-------------------------------|
| X    |                                            |                                |              |                               |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | See Global Notes. | | |

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|---|
| X | | | |

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|-----------------|-----------------|------------|------------|
| X | | | | |

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|---------------------|-----------|-----------|
| X | | | |

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|---------------------|-----------|-----------|
| X | | | |

## 15. Prior address of debtor

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|---------|-----------|--------------------|
| | 9275 SW Peyton Lane Wilsonville, OR 97070 | Movie Gallery, Inc. | June 1998 - currently occupying |
| | 9450 W Byrn Mawr Ave Rosemont, IL | Movie Gallery, Inc. | July 2009 - February 2010 |
| | 2999 Ross Clark Circle, Ste. 300 Dothan, AL 36301 | Movie Gallery, Inc. | February 8, 2010 - currently occupying |
| | 900 West Main Street Dothan, AL 36301 | Movie Gallery, Inc. | February 2000 - February 7, 2010 |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|------|------|
| X | |

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|----------------------------------------|----------------|-------------------|
| X    |                       |                                        |                |                   |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|----------------------------------------|----------------|-------------------|
| X    |                       |                                        |                |                   |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|----------------------------------------|---------------|-----------------------|
| X    |                                        |               |                       |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

      *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

      *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|---------|---------|---------|
| | Movie Gallery US, LLC | 41-1461110 | 9275 SW Peyton Lane Wilsonville, OR 97070 | Retail | Current |
| | Hollywood Entertainment Corporation | 93-0981138 | 9275 SW Peyton Lane Wilsonville, OR 97070 | Retail | Current |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|------|------|---------|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Steven C. Short | 2/2/08 - 2/2/10 |
| | Erik Schendel | 2/2/08 - 2/2/10 |
| | Justin Pyne | 2/2/08 - 2/2/10 |
| | Samuel A. Patterson | 2/2/08 - 10/30/08 |
| | Michael Robinson | 1/5/09 - 2/2/10 |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Burr Pilger Mayer, LLP | 600 California Street<br>San Francisco, CA 94108 | 2008 - Present |
| | Ernst & Young, LLP | Umpqua Bank Building<br>One SW Columbia St, Ste 1050<br>Portland, OR 97258 | 2008 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Erik Schendel | 9275 SW Peyton Lane<br>Wilsonville, OR 97070 |
| | Justin Pyne | 9275 SW Peyton Lane<br>Wilsonville, OR 97070 |
| | Michael Robinson | 9275 SW Peyton Lane<br>Wilsonville, OR 97070 |
| | Steven C. Short | 9275 SW Peyton Lane<br>Wilsonville, OR 97070 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|------|------------------|-------------|
|      | Please see footnote | |

*Footnote:*
*(1) The Debtor in the ordinary course has provided financial information to banks, lenders, suppliers, shareholders, and other interested parties.*

### 20. Inventories
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|-------------------|----------------------|------------------------------------------------------------------|
| X    |                   |                      |                                                                  |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|------|-------------------|----------------------------------------------------|
| X    |                   |                                                    |

### 21. Current Partners, Officers, Directors and Shareholders
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------|------------------|--------------------|------------------------|
| X    |                  |                    |                        |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|------------------|-------|------------------------------------------|
|      | See Attachment 21b | | |

### 22. Former partners, officers, directors and shareholders
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|--------------------|
| X    |      |         |                    |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| | Gabriel, Clarence J<br>5705 Oxford Moore Blvd<br>Windermere, FL 34786 | President and Chief Executive Officer | 2/27/2009 |
| | Maicki, Richard J<br>3050 Monmouth<br>Cleveland Heights, OH 44118 | SVP Strategic Planning, Logistics &<br>Project Mgmt | 1/29/2010 |
| | Marsala, Guy M<br>19 Fontaire<br>Coto De Caza, CA 92679 | Executive VP of Operations | 9/10/2009 |
| | Miller, Craig J<br>5008 Hartridge Way<br>Greenbro, NC 27407 | Executive VP and Chief Information<br>Officer | 9/10/2009 |
| | Mityas, Sherif J<br>1744 W Cortland St<br>Chicago, IL 60622 | President and Chief Executive Officer | 1/29/2010 |
| | Morici, Richard E<br>56 Andover Drive<br>Deer Park, NY 11729 | Senior Vice President of Operations,<br>Northeast | 10/12/2009 |

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF<br>WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION<br>AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

## 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| | Movie Gallery, Inc. | 63-1120122 |

## 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition | Claimant's Name |
|---|---|---|---|---|---|
| 35 ALT, LLC v. Movie gallery US, LLC, and Movie Gallery, Inc. | 460451 | Eviction | Troy City Court Rensselaer County, NY 51 State St. #2 Troy, NY 12180 | Pending | 35 ALT, LLC |
| Auto Liability Claim No. COREY12052008 | N/A | Auto Liability Dated 10/12/08 | N/A | N/A | FRANKLIN, CHRISTINE |
| Baumgardner-Hogan Real Estate, LLC dba Hogan Development Co. v. Any Occupant of Store 1127 located at Mt. Washington Place 205 Oakwood Drive, #5, Mt. Washington, Kentucky 40049 | jq-c-137 | Eviction | Bullitt County District Court, KY PO Box 746 Shepherdsville, KY 40165 | Pending | Baumgardner-Hogan Real Estate, LLC |
| C.M.P., LLC v. Hollywood Entertainment Corporation, a Virginia Corporation and Movie Gallery, Inc., a Delaware Corporation | 92048731 | Eviction | Clark County Superior Court, WA 1200 Franklin Street Vancouver, WA 98660 | Settled | CMP, LLC |
| CMM Properties, Inc. v. Movie Gallery, Inc. | 09-m-36241 | Eviction | Gwinnett County Magistrate Court, GA PO Box 246 Lawrenceville, GA 30046 770-822-8100 | Pending | CMM Properties, Inc. |
| Daniel P. Cress and Jonathan H. Cress v. Hollywood Entertainment Corp. and Movie Gallery, Inc., Does 1 to 20 | cv165945 | Eviction | Santa Cruz County Superior Court, CA 701 Ocean Street Santa Cruz, CA 95060 | Dismissed | Daniel P. Cress |
| David Allen v. Movie Gallery | 28-455 | Eviction | Justice Court Yazoo County, MS 211 E Broadway St Yazoo City, MS 662-746-8181 | Pending | David Allen |
| Delaware Marketplace, LLC v. Movie Gallery, Inc. f/k/a Hollywood Entertainment Corporation | CL115150 | Eviction | District Court for Polk County, IA 500 Mulberry Street #212 Des Moines, IA 50309 | Pending | Delaware Marketplace, LLC |
| Dieter M. Luck, an individual v. Hollywood Entertainment Corporation, an Oregon corporation and Movie Gallery, Inc., a Delaware corporation; and Does 1 through 10, inclusive | CV 165764 | Eviction | Santa Cruz County Superior Court, CA 701 Ocean Street, Room 110 Santa Cruz, CA 95060 | Pending | Dieter M. Luck |
| Edwina L. Roland v. Movie Gallery | 10-220cs | Unpaid Wages | Gordon County Magistrate Courut, GA 100 South Wall Street, First Floor Calhoun, GA 30701 | Pending | Roland, Edwina L. |
| First Financial Bank NA v. DG Holdings, LLC; Peter Dvorak; CIB Bank; Hickory Point Bank & Trust; Subway Real Estate Corp. D/B/A Subway; Dolencorp, Inc.. D/B/A Dollar General; M.G. Midwest, Inc. D/B/A Movie Gallery; Daddy's Pizza Company; and Bill Board Advertising, LLC | 84DO3-0910-MF-9759 | Eviction | Vigo Superior Court, IN 33 South 3rd St Courthouse-1st Floor Terre Haute, IN 47807 | Pending | First Financial Bank NA |
| Flynn, Emalie v. Movie Gallery, Inc. | 16C-2007-02375 | Administrative | MA Commission Against Discrimination | Pending | Flynn, Emalie |

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition | Claimant's Name |
|---|---|---|---|---|---|
| Grand Street Realty, LLC v. HEC Real Estate, LLC, Hollywood Entertainment Corporation, Hollywood Video and Movie Gallery, Inc. | HUD-L-5739-09 | Eviction | Hudson County Superior Court, NJ 583 Newark Ave Jersey City, NJ 07306 | Pending | Grand Street Realty, LLC |
| Gray v. Movie Gallery | MS 09-1312 | Workers' Compensation Hearing re: Claim #604-834402 | WC Board - State of Oregon | Closed | GRAY, KIMBERLY |
| Heyman v. Movie Gallery | 1076-26766 | Workers' Compensation Hearing re: Claim #471-689453 | Rutherford County, Tennessee | Closed | HEYMAN, JENNETTE |
| Hilburn, Diana v. Movie Gallery, Inc. | 451-2010-00587 | EEOC | US Equal Employment Opportunity Commission, San Antonio Field Office | Pending | Hilburn, Diana |
| Isaac Chinoe LLC v. MG Midwest, Inc. dba Movie Gallery | 09-c-09959 | Eviction | Fayette County District Court, KY 150 N. Limestone Lexington, KY 40507 | Pending | Isaac Chinoe, LLC |
| Jennifer Delaney v. Movie Gallery and The Coca-Cola Company and John Does Number One and Two | 3:09-cv-01947 | Slip & Fall | Lucas County Court of Common Pleas, OH 700 Adams St Toledo, OH 43604 | Pending | Delaney, Jennifer |
| John Emory Compton v. Movie Gallery of Paintsville #3694 | 09-s-00103 | Eviction | Johnson Circuit Court, KY 908 3rd Street, Suite 109 Paintsville, KY 41240 | Pending | John Emory Compton |
| John G. Wilkerson v. Hollywood Entertainment Corporation and Movie Gallery, Inc. | 2010-550702 | Eviction | Lubbock County District Court, TX 904 Broadway, Room 105 Lubbock, TX 79401 | Pending | John G. Wilkerson |
| John V. McCranie v. Movie Gallery, Inc. | 09-733DS | Eviction | Berrien County Magistrate Court, GA 201 North Davis Street, Suite 250 Nashville, GA | Pending | John V. McCranie |
| Keith A. cousins and thomas D. Johnson, Jr. v. Movie Gallery, Inc., Joe T. Malugen, S. Page Todd, and Fictitious Devendants A, B, C, D and E, being those persons or entities whose acts or omissions resulted in damages to the Plaintiffs | CV 2009-02110 | Employment Contract | Jefferson County Circuit Court, AL 716 N. Richard Arrington, Jr. Blvd. Birmingham, AL 35203 | Pending | Cousins, Keith and Johnson, Thomas |
| Kraus-Anderson, Incorporated, a Minnesota corporation, d/b/a Valley West Shopping Center v. MG Real Estate, LLC a Delaware limited liability company, and Movie Gallery US, LLC, a Delaware limited liability company d/b/a Movie Gallery | 27-cv-hc-09-8897 | Eviction | 4th Judicial District Court Hennepin, MN Hennepin County Courthouse 300 South Sixth Street, C-3 Minneapolis, MN 55487-0332 | Pending | Kraus-Anderson, Inc. |
| Laurens Crossing, LLC v. M.G. Midwest, Inc. d/b/a Movie Gallery # 3288 | 09-cv-1255 | Eviction | Obion County General Session Court, TN 7 Bill Burnett Circle Union City, TN 38261 | Pending | Laurens Crossing, LLC |

**In Re: Movie Gallery, Inc.**
**Case No. 10-30696**
Attachment 4a
Suits, executions, garnishments, and attachments

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition | Claimant's Name |
|---|---|---|---|---|---|
| Lenocker v. Movie Gallery | WCB09-00341 | Workers' Compensation Hearing re: Claim #604-894263 | WC Board - State of Oregon | Closed | LENOCKER, RAYMOND |
| Mariner v. Movie Gallery | DBB5060 | Workers' Compensation Hearing re: Claim #604-906242 | WC Board - State of Oregon | Pending | MARINER, JOHN |
| Martinez v. Movie Gallery | WCB09-0456 | Workers' Compensation Hearing re: Claim #604-870957 | WC Board - State of Oregon | Closed | MARTINEZ, CLAUDIA |
| Moorhouse, Amber v. Movie Gallery | 200900684 | Administrative | Commonwealth of Pennsylvania Human Relations Commission, Pittsburgh Regional Office | Pending | Moorhouse, Amber |
| Movie Gallery, Inc., et al. Chapter 11 Proceedings | 07-33849 | Chapter 11 Proceedings | USBC, Eastern District of Virginia | Effective | Movie Gallery, Inc., et al. |
| Newsome,Donna v. Movie Gallery | 437-2009-01080 | Administrative | Equal Employment Opportunity Commission, Norfolk Local Office | Pending | Newsome, Donna |
| Ortega v. Movie Gallery | WCB08-01728 | Workers' Compensation Hearing re: Claim #604-873288 | WC Board - State of Oregon | Pending | ORTEGA, MARIA |
| Ortega v. Movie Gallery | WCB08-01728 | Workers' Compensation Hearing re: Claim #604-883373 | WC Board - State of Oregon | Closed | ORTEGA, MARIA I |
| Perry, Deana (deceased) v. Movie Gallery #0230 | 846-2008-52084 | Administrative | Equal Employment Opportunity Commission, Birmingham District Office | Dismissed | Perry, Deana (deceased) |
| Phillip Greenberg v. Movie Gallery #727 | Unknown | Eviction | Darlington County Magistrate Court, SC 1 Public Square # B4 Darlington, SC 29532 843-398-4330 | Pending | Greenberg, Phillip |
| Power, Michael v. Movie Gallery Inc. | 530-2008-03204 | Administrative | Equal Employment Opportunity Commission, Philadelphia District Office | Pending | Power, Michael |
| Pueblo Plaza Partnership, a California General Partnership v. Hollywood Entertainment Corporation, a corporation, d/b/a Hollywood Video, d/b/a Hollywood Superstores, d/b/a Game Crazy, d/b/a Movie Gallery and Does 1 - 10, inclusive | 109cv157627 | Eviction | Superior Court of CA, County of Santa Clara 191 N. First Street San Jose, CA 95113 | Pending | Pueblo Plaza Partnership |
| Roman v. Movie Gallery | WCB08-07639 | Workers' Compensation Hearing re: Claim #604-855214 | WC Board - State of Oregon | Closed | ROMAN, ZARA |
| Roman v. Movie Gallery | WCB08-07637 | Workers' Compensation Hearing re: Claim #604-892219 | WC Board - State of Oregon | Closed | ROMAN, ZARA M |
| Roman v. Movie Gallery | WCB08-07635 | Workers' Compensation Hearing re: Claim #604-893403 | WC Board - State of Oregon | Closed | ROMAN, ZARA M |

| Caption of suit | Case number | Nature of proceeding | Court | Status or disposition | Claimant's Name |
|---|---|---|---|---|---|
| Sakamoto, Brandon v. Movie Gallery | Unknown | Administrative | State of Hawaii, Dept of Industrial Relations, Hilo District Office | Pending | Sakamoto, Brandon |
| Sanders, Nathan v. Movie Gallery | 410-2008-04974 | Administrative | Equal Employment Opportunity Commission, Atlanta District Office | Pending | Sanders, Nathan |
| Seals, Ladonna v. Movie Gallery #0157 | 494-2009-00518 | Sex (Gender) Discrimination | Equal Employment Opportunity Commission, Nashville Area Office | Dismissed | Seals, Ladonna |
| Sherry Freeman v. Movie Gallery, Inc., a corporation and Sydney Turvin, an individual | CV-2008-900008 | Workers Comp/Retaliatory Discharge | Circuit Court of Coffee County, AL Elba Division 230-M Court Avenue Elba, AL 36323 | Pending | Freeman, Sherry |
| Shrestha, Andrea v. Movie Gallery, Inc. | 430-2008-02698 | Sex (Pregnancy) Discrimination | Equal Employment Opportunity Commission, Charlotte District Office | Dismissed | Shrestha, Andrea |
| Snows Cut Crossing, LLC v. M.G. Midwest, Inc., Movie Gallery | 09cv004830 | Eviction | New Hanover County District Court, NC 320 Chestnut Street Wilmington, NC 28401 | Pending | Snow's Cut Crossing, LLC |
| The Oakley Corporation, an Indiana corporation v. Hollywood Entertainment Corporation, an Oregon corporation, and Movie Gallery, Inc. | 2009-ca-032292-0 | Eviction | Circuit Court 9th Judicial Circuit Orange County, FL 425 North Orange Ave Suite 310 Orlando, FL 32801 | Pending | The Oakley Corporation |
| Thompson, Casey v. Movie Gallery, Inc. | 541-2010 | Back Overtime | Montana Department of Labor & Industry Employment Relations Division-Wage & Hour Unit PO Box 201503 Helena, MT 59620 | Pending | Thompson, Casey |
| Treasureville Investment, Inc. v. Hollywood Entertainment Corp.; Movie Gallery, Inc.; and Does 1 to 10 | UD RS 904254 | Eviction | San Bernardino County Superior Court, CA 8303 N Haven Ave Rancho Cucamonga, CA 91730 | Pending | Treasureville Investment, Inc. |
| West Allis, LLC; Boulder Venture, Inc.; Shorewood, LLC v. Hollywood Entertainment Corp; Movie Gallery, Inc. | 09cv019912 | Eviction | Milwaukee County Circuit Court, WI 901 N. 9th Street Milwaukee, WI 53233 | Pending | West Allis, LLC |
| White, Megan v. Movie Gallery | 420-2009-03129 | Administrative | Equal Employment Opportunity Commission, Birmingham District Office | Pending | White, Megan |
| YIP Holdings Three, LLC, a California Limited Liability Company v. Movie Gallery, Inc., an Oregon Corporation, dba Hollywood Video | 34-201067647 | Eviction | Sacramento County Superior Court, CA 720 Ninth Street Sacramento, CA 95825 | Pending | YIP Holdings Three, LLC |

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|---|
| Benjamin C. Riggsby | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President - Product, Planning & Analysis | See Footnote |
| Brent Johnson | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President - Finance | See Footnote |
| Caroline R. Guest | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Executive Vice President of Human Resources | See Footnote |
| Charles S. Moore | 3455 Peachtree Road | Suite 500 | Atlanta | GA | 30326 | Chief Restructuring Officer | N/A |
| Cliff Torng | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Exeutive Vice President and Chief Marketing Officer | See Footnote |
| DQ Ltd. c/o Sopris Capital Advisors LLC | 314 South Galena St | Suite 300 | Aspen | CO | 81611 | Shareholder | 17.38% |
| Enter Aspen c/o Sopris Advisors LLC | 314 South Galena St | Suite 300 | Aspen | CO | 81611 | Shareholder | 12.27% |
| Enter Aspen Limited c/o Aspen Advisors LLC | 152 W 57th St | 39th Floor | New York | NY | 10019 | Shareholder | 9.36% |
| Jeffrey C. Klemp | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President of Operations | See Footnote |
| Lenado Partners Series A of Lenado Capital Partners L.P. | 314 South Galena St | Suite 300 | Aspen | CO | 81611 | Shareholder | 28.10% |
| Lucinda M. Baier | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Executive Vice President and Chief Financial Officer | See Footnote |
| Michael Corey | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President - Store Development | See Footnote |
| Michael D. Robinson | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President – Controller and Assistant Secretary | See Footnote |
| Neil Subin | 8 Palm Court | | Sewall's Point | FL | 34996 | Director | See Footnote |
| Pamela R. Schneider | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Executive Vice President, Secretary, and General Counsel | See Footnote |
| Richard Shorten | 694 Weed St | | New Canaan | CT | 06840 | Director | See Footnote |
| Robert Fiorella | 1241 11th St | | Hermosa Beach | CA | 90254 | Director | See Footnote |
| Robert J. Corliss | 3455 Peachtree Road | Suite 500 | Atlanta | GA | 30326 | Chief Restructuring Officer | N/A |
| Roger A. Dunlap | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President of Operations | See Footnote |
| Rovida Holdings Limited c/o Sopris Capital Advisors LLC | 314 South Galena St | Suite 300 | Aspen | CO | 81611 | Shareholder | 8.69% |
| RR Investment Company Ltd. c/o Sopris Capital Advisors LLC | 314 South Galena St | Suite 300 | Aspen | CO | 81611 | Shareholder | 8.69% |
| Steven Morgan | 1482 Steelville Road | | Cochranville | PA | 19330 | Director | See Footnote |
| Steven Scheiwe | 2211 Silver Peak Pl | | Encinitas | CA | 92024 | Director | See Footnote |
| Theodore F. Ceglia | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President and Treasurer | See Footnote |
| Thomas G. McKivor | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Senior Vice President - IT | See Footnote |
| Thomas McGrath | 10369 Strathmore Dr | | Los Angeles | CA | 90024 | Director | See Footnote |
| Wesley D. Sand | 9275 SW Peyton Lane | | Wilsonville | OR | 97070 | Executive Vice President and Chief Merchandising Officer | See Footnote |

**Footnote**
Individuals may beneficially own common or restricted common stock of the debtor.  No individual owns in excess of 1% of the common stock.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA, RICHMOND**

**In re: Movie Gallery, Inc.**                                                                 **Case No. 10-30696 (DOT)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Steve Moore, Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   4/2/2010                       Signature:   / s / Steve Moore                    

                                                     **Steve Moore**

                                                     **Chief Restructuring Officer**

-----------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571.**