John A. Bicks (NY 2032498)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700

And

Monika J. Machen (IL 6273699)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Attorneys for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MOVIE GALLERY, INC., et al.,[1] ) | Case No. 10-30696-DOT |
| ) | |
| Debtors. ) | |
| ) | |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO CONDUCT STORE CLOSING SALES, (B) APPROVING PROCEDURES WITH RESPECT TO STORE CLOSING SALES, (C) AUTHORIZING THE DEBTORS TO PAY LIMITED LIQUIDATION AND CLOSURE PERFORMANCE BONUSES, AND (D) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN DE MINIMIS ASSETS IN CONNECTION WITH STORE CLOSING SALES**

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4844-4904-2693.1

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") (a) authorizing the Debtors to conduct store closing sales (the "Store Closing Sales"), (b) approving procedures with respect to store closing sales (the "Store Closing Procedures"), (c) authorizing the Debtors to pay limited liquidation and closure performance bonuses (the "Liquidation and Closure Performance Bonuses"); and (d) authorizing the Debtors to abandon certain de minimis assets as described in the Motion ("De Minimis Property") (the "Store Closing Sales Motion") [Docket No. 20]; an order having been entered granting the relief requested in the Store Closing Sales Motion (the "Store Closing Sales Order")[Docket No. 94]; objections to the relief granted in the Store Closing Sale Order having been filed (collectively, the "Objections"); all Objections having been withdrawn, resolved or otherwise overruled by the Court as set forth herein; all objections related to rent due for the period February 2 through February 28, 2010 having been addressed by the Court, on the record, at the hearing held on March 8, 2010; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED** that

1. The Motion is granted as set forth herein.

2. The Debtors are hereby immediately authorized, in their sole discretion, to conduct Store Closing Sales at the Immediate Store Closing Locations listed on Exhibit 1 to the Store

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4844-4904-2693.1

Closing Sales Order and to shut down such Immediate Store Closing Locations notwithstanding, and without complying with, any applicable provision of any lease, contract, or non-bankruptcy law (except those governing health and safety) purporting to limit, condition, or impair the Debtors' ability to close a store and sell or abandon its contents.

3. The Debtors are hereby further immediately authorized, in their sole discretion, to conduct any subsequent Store Closing Sales regarding any other stores not identified on Exhibit 1 to the Store Closing Sales Order and to shut down such other stores in their sole discretion without further notice, except as provided in paragraph 4 of this Order and notwithstanding, and without complying with, any applicable provision of any lease, contract, or non-bankruptcy law (except those governing health and safety) purporting to limit, condition, or impair the Debtors' ability to close a store and sell or abandon its contents.

4. The Debtors shall provide written notice to all lessors in advance of commencing a subsequent Store Closing Sale.

5. The period within which a party may object to the Store Closing Procedures has expired.

6. The Store Closing Procedures attached hereto as <u>Exhibit 1</u> are approved, <u>provided that</u> Debtors and landlords are authorized to enter into agreements modifying the Store Closing Procedures without further order of the Court, <u>provided that</u> such agreement do not have a material adverse affect on the Debtors or the estates.

7. The Debtors or the Consultant will leave each store subject to Store Closing Sales in "broom clean" condition, and the Debtors or their Consultant are authorized to abandon on site all unsold De Minimis Property. Nothing in this paragraph shall be construed to have any effect

3

4844-4904-2693.1

upon the Debtors' rejection of any particular lease nor entitle any landlord or counterparties to any leases or contracts to an administrative claim.

8. Subject to the Debtors' compliance with the Store Closing Procedures, absent further order of this Court, landlords at or lessors of the Debtors' store locations are hereby enjoined from interfering with or restricting in any way the Debtors' ability to conduct Store Closing Sales or to close any stores in a manner consistent with this Order. Any provisions in any lease which purport to limit, condition, impair or prohibit the Store Closing Sales shall not be enforceable, nor shall any breach of such provisions constitute a default under such lease or provide a basis to terminate the lease.

9. Except as otherwise provided in the Consulting Agreement, pursuant to section 363(f) of the Bankruptcy Code, all property sold pursuant to the Consulting Agreement shall be sold free and clear of any and all interests, including, without limitation, mortgages, security interests, liens, judgments, encumbrances and "claims" as defined in Bankruptcy Code section 105 (collectively, "Liens"), with such Liens, if any, attaching to the proceeds.

10. The Debtors are authorized, in their sole discretion, to pay Liquidation and Closure Performance Bonuses in connection with the Store Closing Sales; provided, that the Liquidation and Closure Performance Bonuses shall not exceed $0.50 per hour worked per store-level employee for the duration of the Store Closing Sales or $2,400 per store manager for the duration of the Store Closing Sales; provided, further that no Liquidation and Closure Performance Bonuses will be paid to an "insider" of the Debtors within the meaning of section 503(c) of the Bankruptcy Code.

4844-4904-2693.1

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and to take all actions to implement and comply with the Consulting Agreement.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

14. The Consultant shall have the right to use the stores and all related services, furniture, fixtures, equipment and other assets of Debtors as designated hereunder for the purpose of carrying out its duties under the Consulting Agreement, free of any interference from any entity or person subject to compliance with the Store Closing Guidelines and this Order.

15. The Consultant is authorized to conduct, advertise, post signs and otherwise promote the Store Closing Sales as, "store closing," "sale on everything," "everything must go," or similar themed sale, subject to compliance with the Store Closing Guidelines and this Order.

16. The Consultant shall be granted a limited license and right to use the Debtors' trade names, logos and customer lists relating to and used in connection with the operation of the Stores, solely for the purpose of advertising the Store Closing Sales in accordance with the terms of the Consulting Agreement.

17. All newspapers and other advertising media in which the Store Closing Sales are advertised shall be directed to accept this Order as binding and to allow Debtors and Consultant to consummate the transactions provided for in the Consulting Agreement, including, without limitation, the conducting and advertising of the Store Closing Sales in the manner contemplated

5
4844-4904-2693.1

by the Consulting Agreement and this Order (at the contractual rates charged to the Debtors prior to the Petition Date).

18. All utilities, landlords, creditors and all persons acting for or on their behalf (but not including Governmental Units as defined in Section 101(27) of the Bankruptcy Code) shall not interfere with or otherwise impede the conduct of the Store Closing Sales, institute any action against Debtors, Consultant, or landlords in any court (other than in this Bankruptcy Court) or before any administrative body which in any way directly or indirectly interferes with or obstructs or otherwise impedes the conduct of the Store Closing Sales.

19. The Consultant shall not be liable for any claims against the Debtors other than as expressly provided for in the Consulting Agreement.

20. The Store Closing Sales shall not be exempt from, and the Debtors shall be required to comply with laws of general applicability, including without limitation public health and safety laws, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"). Nothing in this Order shall be deemed to bar any Governmental Unit from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtors' or the Consultant's right to assert in that forum or before this Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code, this Order or otherwise, pursuant to the next paragraph herein. No party waives any rights to argue any position with respect to whether the conduct was in compliance with this Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code. Nothing in this Order shall be deemed to have made any rulings on any such issues.

4844-4904-2693.1

21. To the extent that the Store Closing Sales are subject to federal, state or local statute or ordinance, or licensing requirement solely directed at regulating store closing, "going out of business," liquidation, auction or similar sales ("GOB Sales"), including laws restricting safe, professional and non-deceptive, customary advertising, such as signs, banners, posting of signage, and use of sign walkers solely in connection with GOB Sales and including ordinances establishing licensing or permitting requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply solely to GOB Sales (collectively, "GOB Laws"), the following provisions shall apply:

(a) Provided that the Store Closing Sales are conducted in accordance with the terms of this Order, the Store Closing Guidelines, and the Consulting Agreement, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered Store Closing Sales from their provisions, the Debtors and the Consultant shall be presumed to be in compliance with any GOB Laws and, subject to the remainder of this paragraph, are authorized to conduct the Store Closing Sales in accordance with the terms of this Order, the Store Closing Guidelines, and the Consulting Agreement without further showing of compliance with any such GOB Laws.

(b) If at any time a dispute arises between the Debtors or the Consultant and a Governmental Unit as to whether a particular law is a GOB Law and subject to any provisions contained in this order related to GOB Laws, then any party to that dispute may send a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a GOB Law shall be made *de novo* in accordance with the definitions in this Order.

4844-4904-2693.1

(c) Notwithstanding anything to the contrary herein, to the extent that disputes arise during the course of the Store Closing Sales with respect to laws regulating the use of sign walkers and banner advertising and the Debtors or Consultant are unable to resolve the matter consensually with the Governmental Unit, either party may request an immediate telephonic hearing with the Court pursuant to these provisions. Such hearing will, to the extent practicable, be scheduled initially within two (2) business days of the request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or argument as necessary.

22. Except as expressly provided for in the Consulting Agreement, nothing in this Order or the Consulting Agreement and none of the Consultant's actions taken in respect of the Store Closing Sales shall be deemed to constitute an assumption by the Consultant of any of the Debtors' obligations relating to any of the Debtors' employees, nor shall the Consultant become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees.

23. All of the transactions contemplated by the Consulting Agreement shall be protected by Section 363(m) of the Bankruptcy Code in the event that this Order is reversed, vacated or modified on appeal.

Date: March ____, 2010  
    Richmond, Virginia                                                            _____  
                                                                            United States Bankruptcy Judge

We ask for this:  
/s/ Jeremy S. Williams_____  
**KUTAK ROCK LLP**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700
Fax:  (804) 783-6192

and

**SONNENSCHEIN NATH & ROSENTHAL LLP**
John A. Bicks (NY 2032498)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Fax: (212) 768-6800

and

Monika J. Machen (IL 6273699)
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000
Fax: (312) 876-7934

*Attorneys for Debtors and Debtors in Possession*

## LOCAL RULE 9022-1(C)(2) CERTIFICATION

The undersigned hereby certifies that the foregoing proposed Order has been served upon all necessary parties, which necessary parties consist of the creditors and parties in interest constituting the Core Group, the 2002 List and the Affected Entities, as such terms are defined in that certain Order Establishing Certain Notice, Case Management and Administrative procedures [Docket No. 188] entered by the Court on February 8, 2010.  On March 16, 2010, service of the proposed Order was effected on the aforementioned parties by electronic mail, overnight mail and/ or first class mail, postage prepaid (only if electronic mail or overnight mail was unavailable).

/s/ Jeremy S. Williams

9

4844-4904-2693.1

**Exhibit 1**

**Store Closing Procedures**

John A. Bicks (NY 2032498)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 398-4898

And

Monika J. Machen (IL 6273699)
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-7473

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Attorneys for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., et al.,[3] | ) Case No. 10-30696-DOT |
| | ) |
| Debtors. | ) |
| | ) |

## STORE CLOSING PROCEDURES

On February 2, 2010, the above-captioned debtors (collectively, the "Debtors") filed petitions commencing cases under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").[4]

On February 4, 2010, the Bankruptcy Court entered the Order (A) Authorizing the Debtors to Conduct Store Closing Sales, (B) Approving Procedures with Respect to Store Closing Sales, and (C) Authorizing the Debtors to Pay Limited Liquidation and Closure Performance Bonuses,

---

[3] The Debtors in the cases include: Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion of the Debtors for an Order (a) Authorizing the Debtors to Conduct Store Closing Sales, (b) Approving Procedures with Respect to Store Closing Sales and (c) Authorizing the Debtors to Pay Limited Liquidation and Closure Performance Bonuses in Connection with Store Closing Sales [Docket No. 94].

4844-4904-2693.1

and (D) Authorizing the Debtors to Abandon Certain De Minimis Assets in Connection with Store Closing Sales [Docket No. 94] (the "Store Closing Sales Order").  On March___, 2010, the Bankruptcy Court entered the Final Order (A) Authorizing the Debtors to Conduct Store Closing Sales, (B) Approving Procedures with Respect to Store Closing Sales, and (C) Authorizing the Debtors to Pay Limited Liquidation and Closure Performance Bonuses, and (D) Authorizing the Debtors to Abandon Certain De Minimis Assets in Connection with Store Closing Sales [Docket No. ___] (the "Order").  Pursuant to the Order, the following Store Closing Procedures were approved, and the Debtors may utilize these store closing procedures (the "Store Closing Procedures") in connection with the in-store liquidation of inventory, fixtures and equipment at closed store locations (the "Store Closing Sales") during the pendency of these chapter 11 cases.

The following guidelines and procedures shall apply to Store Closing Sales:

1. The Debtors are authorized, on their own or through their Consultant, to liquidate inventory, fixtures and equipment by any commercially reasonable means, including, but not limited to, in-store liquidations using either the Debtors' or their Consultant's employees or a third-party agent (provided, to the extent applicable, the Debtors' engagement of such an agent has been authorized and approved by the Bankruptcy Court), notwithstanding contrary provisions in any leases restricting such sales, and without further order of the Court.

2. The Debtors or their Consultant are authorized to sell, or in the exercise of their business judgment, to abandon, certain de minimis personal property, including but not limited to furniture, fixtures, and equipment ("De Minimis Property") as part of the Store Closing Sales.  The Debtors or their Consultant will leave each store subject to Store Closing Sales in "broom clean" condition, and the Debtors or their Consultant are authorized to abandon on site all unsold De Minimis Property.

3. The Store Closing Sales shall be conducted during normal business hours or such hours as otherwise permitted by the lease; <u>provided</u> that the Debtors and their Consultant shall abide by any applicable mall guidelines regarding maintenance, security and trash removal.

4. The Store Closing Sales shall be conducted in accordance with applicable state and local "Blue Laws," and thus, where applicable, no Store Closing Sales shall be conducted on Sunday unless the Debtors had been operating such stores on Sundays prior to the Commencement Date.

5. The Consultant shall have the right to use the stores and all related services, furniture, fixtures, equipment and other assets of Debtors as designated hereunder for the purpose of carrying out its duties under the Consulting Agreement, free of any interference from any entity or person subject to compliance with the Store Closing Guidelines and the Order.

6. The Consultant is authorized to conduct, advertise, post signs and otherwise promote the Store Closing Sales as, "store closing," "sale on everything," "everything must go," or similar themed sale, subject to compliance with the Store Closing Guidelines and the Order and shall be permitted to use signs and internal and external banners and signwalkers to promote such Store Closing Sales.

7. The Consultant shall be granted a limited license and right to use the Debtors' trade names, logos and customer lists relating to and used in connection with the operation of the Stores, solely for the purpose of advertising the Store Closing Sales in accordance with the terms of the Consulting Agreement.

8. All display and hanging signs used by the Debtors and their Consultant in connection with Store Closing Sales shall be professionally lettered and all hanging signs shall be hung in a professional manner. Nothing contained herein shall be construed to create or impose upon the Debtors any additional restrictions not contained in the applicable lease. In addition, the

4844-4904-2693.1

Debtors and their Consultant shall be permitted to utilize exterior banners and signwalkers. The Debtors and their Consultant also may hang signage indicating the availability of the store's lease for potential assignment.

9. If Store Closing Sales are to be considered "final," conspicuous signs shall be posted in each of the affected stores to the effect that all sales are "final."

10. The Debtors and their Consultant shall not make any alterations to interior or exterior store lighting. No property of any landlord of a store shall be removed or sold during the Store Closing Sales.

11. The Debtors and their Consultant shall keep store premises and surrounding areas clear and orderly consistent with present practices.

12. The landlords of the stores shall have reasonable access to the store premises upon conclusion of the Store Closing Sales for the purpose of dressing store windows to minimize the appearance of a dark store.

13. Counsel for the Debtors, Kutak Rock LLP, 1111 E. Main Street, Suite 800, Richmond, Virginia 23219, Telephone: (804) 644-1700, Attn: Jeremy Williams, shall be the designated contact for landlords should an issue arise concerning the conduct of a Store Closing Sale.

4844-4904-2693.1