John A. Bicks (NY 2032498)  
SONNENSCHEIN NATH & ROSENTHAL LLP  
1221 Avenue of the Americas  
New York, NY 10020-1089  
Telephone: (212) 768-6700  

Michael A. Condyles (VA 27807)  
Peter J. Barrett (VA 46179)  
Jeremy S. Williams (VA 77469)  
KUTAK ROCK LLP  
Bank of America Center  
1111 East Main Street, Suite 800  
Richmond, Virginia 23219-3500  
Telephone: (804) 644-1700  

*Attorneys for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., et al.,[1] | ) Case No. 10-30696 (DOT) |
| | ) |
| Debtors. | ) |
| | ) |

**MOTION FOR EXPEDITED HEARING AND TO AMEND NOTICE REQUIREMENTS ON MOTION OF THE DEBTORS FOR ENTRY OF ORDER: (I) APPROVING AGREEMENT WITH GREAT AMERICAN WF, LLC; (II) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS ENCUMBRANCES AND INTERESTS; (III) APPROVING A BREAK-UP FEE; (IV) APPROVING THE FORM AND MANNER OF THE NOTICE OF SUCH SALE; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors (collectively, the "Debtors"), by counsel, request the entry of an order, substantially in the form of Exhibit A, granting an expedited hearing, amending the required notice period pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and reducing the number of creditors to whom notice must be given for the *Motion of the Debtors for Entry of Order: (I) Approving Agreement with Great American WF, LLC; (II) Authorizing the Sale of the Debtors' Assets Free and Clear of All Liens, Claims Encumbrances and Interests; (III) Approving a Break-Up Fee; (IV) Approving the Form and Manner of the Notice of Such Sale; and (V) Granting Related Relief* (the "Motion"). Pursuant to the Federal

Rules of Bankruptcy Procedures and the Local Rules of this Court, the Debtors state the following as the basis for the relief sought herein:

**Expedited Hearing**

1. Pursuant to the Motion, the Debtors are seeking approval to enter into an agreement ("Agreement") with Great American WF, LLC ("Great American") and authorization for Great American to act as the Debtors' exclusive agent to conduct going out of business sales and to sell certain assets of the Debtors (the "Subject Assets"), including movie inventory in their remaining store locations (the "Remaining Store Locations"), free and clear of all liens, and for certain related relief.

2. As part of the Agreement, Great American will guarantee that the Debtors will receive $62,300,000 from the sale of the Subject Assets, subject to adjustment only if and to the extent that the actual quantities of Subject Assets exceed, or fall short of, the anticipated quantities as set forth in the Agreement in excess of designated thresholds. Under the Agreement, Great American will also pay the cost of operating the liquidating stores during the pendency of the sales. The Motion and the Agreement are hereby referred to for more specific terms of the proposed transaction.

3. Delay in approving the terms of the Agreement will work a great detriment to the Debtors and all creditors in this case. Until the consummation of the Agreement, the Debtors remain liable for all direct costs of occupying and operating the Remaining Store Locations, including payroll, rent, utilities, common area maintenance and taxes.

4. The expenses incurred in connection with the Debtors' continued occupancy of the Remaining Store Locations are entitled to administrative priority. Therefore, it is in the Debtors' best interest to transfer costs of operating the Remaining Store Locations as soon as

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4820-7797-9142.2

2

possible. Given the nature of the Agreement, and the substantial value to be realized by the estate under the Agreement on account of the sales to be conducted by Great American, immediate consummation is in the best interests of all parties.

## Notice Period

5. The Debtors request that the notice period for conducting a hearing on the Motion be shortened pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure so that the Agreement may be considered by the Court and consummated in as timely a manner as possible.

6. Specifically, the Debtors request that a hearing be set on the Motion for May 19, 2010 at 10:00 a.m. and that the deadline for filing an objection to the Motion be set for 12:00 noon on May 18, 2010.

7. In conjunction with the requirements of Rule 2002 of the Federal Rules of Bankruptcy Procedure, the Court may shorten the notice period for cause shown. In this instance, the longer the delay in approving the Agreement and transferring the costs for operations of the Remaining Store Locations, the greater the administrative burden to the bankruptcy estate and, consequently, the lower the amounts available for distribution to creditors. In addition, given the hearing date requested, any interested party will have sufficient time to submit a response to the Motion and have an opportunity to be heard. As such, no party will be unduly prejudiced by the relief requested.

8. Given the totality of the circumstances and nonprejudicial effect of the relief requested, the Debtors request that the Court reduce the notice period required by Bankruptcy Rule 2002.

## Notice Parties

9. Furthermore, the Debtors also seek authorization to reduce the number of creditors receiving notice of the Motion.

10. Rule 2002 of the Federal Rules of Bankruptcy Procedure states that all creditors are to receive notice of the proposed use, sale or lease of property of the estate other than in the ordinary course of business. Bankruptcy Rule 2002 and 11 U.S.C. § 105, however, grant the Court the authority to amend these notice requirements. In this instance, the Debtors are seeking authorization to exclude a certain segment of creditors from receiving notice of the Motion.

11. At this time, the Debtors' creditor matrix is comprised of almost 20,000 current employees (as of January 28, 2010) and 72,365 former employees (collectively, the "Employees"), all of whom are potential creditors for the purposes of Bankruptcy Rule 2002 and otherwise entitled to notice of the Motion. These Employees comprise 70% (by number) of all creditors in the case, which results in an administrative notice cost of approximately $50,000.00 or more. In addition, Employees tend to be uninformed as to the implications of materials they receive regarding the Debtors' bankruptcy, thus generating an enormous surge in the number of inquiries received by Debtors' counsel anytime notices of any action are distributed to the Employees, which further increases the Debtors' administrative expenses.

12. Given the nature of the Employees' limited potential interest in the relief sought by the Motion, as well as the administrative expense which is incurred by the Debtors in providing notice to all Employees, the Debtors respectfully request that Employees be excluded from the notice requirements of Bankruptcy Rule 2002(a)(2).

13. A certification as required under the Local Rules is made a part of this motion.

### Notice

Notice of this Motion has been given to the Core Group, the 2002 List and Affected Entities as required by the Case Management Procedures.[2] In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is required.

4820-7797-9142.2

4

**WHEREFORE**, the Debtors request the Court to grant an expedited hearing, shorten the required notice period on the Motion and amend the notice parties as set forth herein, and to award any further relief the Court deems proper.

### **CERTIFICATION**

Pursuant to the Local Rules of this Court, I certify that:

1. I am a member of the Bar of this Court.

2. I have carefully examined this matter and have concluded that there is a true need for an emergency hearing.

3. I have not created the emergency through the lack of diligence.

4. A *bona fide* effort to resolve the matter could not be made without a hearing.

/s/ Michael A. Condyles

---

[2] Capitalized terms used in this paragraph, but not otherwise defined herein shall have the meanings set forth in the Notice, Case Management and Administrative Procedures established by the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 118] entered on February 8, 2010.

4820-7797-9142.2                      5

## **NOTICE OF MOTION**

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).   If you do not want the court to grant the relief sought, you must do the following:

1.  You must file with the court a written response immediately as an expedited hearing is being requested.  The Court is located at:

> Clerk of the Court
> United States Bankruptcy Court
> 701 East Broad Street
> Richmond, Virginia 23219

2.  You must also mail a copy to the following persons:

> Michael A. Condyles, Esq.
> Peter J. Barrett, Esq.
> Kutak Rock, LLP
> 1111 East Main Street, Suite 800
> Richmond, VA  23219

> and

> John A. Bicks, Esq.
> Sonnenschein, Nath & Rosenthal LLP
> 1221 Avenue of the Americas
> New York, NY 10020-1089

3.  An expedited hearing is being requested.  If an objection is filed to this motion for an expedited hearing, a hearing may be set and you must also attend the hearing in addition to filing a written response.  If you fail to file a timely written response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested.

Dated: May 13, 2010
      Richmond, Virginia

Respectfully submitted,

**KUTAK ROCK LLP**

By: /s/ Michael A. Condyles

    Michael A. Condyles (VA 27807)
    Peter J. Barrett (VA 46179)
    Jeremy S. Williams (VA 77469)
    Bank of America Center
    1111 East Main Street, Suite 800
    Richmond, Virginia  23219-3500
    Telephone:  (804) 644-1700
    Fax:  (804) 783-6192

                  and

**SONNENSCHEIN NATH & ROSENTHAL LLP**

    John A. Bicks (NY 2032498)
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 768-6700
    Fax: (212) 768-6800

*Attorneys for Debtors and Debtors in Possession*

# EXHIBIT A

| | |
|---|---|
| John A. Bicks (NY 2032498) | Michael A. Condyles (VA 27807) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | Peter J. Barrett (VA 46179) |
| 1221 Avenue of the Americas | Jeremy S. Williams (VA 77469) |
| New York, NY 10020-1089 | KUTAK ROCK LLP |
| Telephone: (212) 768-6700 | Bank of America Center |
| | 1111 East Main Street, Suite 800 |
| | Richmond, Virginia 23219-3500 |
| | Telephone: (804) 644-1700 |

*Attorneys for Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MOVIE GALLERY, INC., et al.,[3] ) | Case No. 10-30696-DOT |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER GRANTING THE MOTION FOR EXPEDITED HEARING AND TO AMEND NOTICE REQUIREMENTS ON MOTION OF THE DEBTORS FOR ENTRY OF ORDER: (I) APPROVING AGREEMENT WITH GREAT AMERICAN WF, LLC; (II) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS ENCUMBRANCES AND INTERESTS; (III) APPROVING A BREAK-UP FEE; (IV) APPROVING THE FORM AND MANNER OF THE NOTICE OF SUCH SALE; AND (V) GRANTING RELATED RELIEF**

THIS MATTER comes before the Court upon the *Motion for Expedited Hearing and to Amend Notice Requirements on Motion of the Debtors for Entry of Order: (I) Approving Agreement with Great American WF, LLC; (II) Authorizing the Sale of the Debtors' Assets Free and Clear of All Liens, Claims Encumbrances and Interests; (III) Approving a Break-Up Fee; (IV) Approving the Form and Manner of the Notice of Such Sale; and (V) Granting Related Relief* (the "Motion") filed by the above-captioned debtors (collectively, the "Debtors"), and it

---

[3] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

appearing that good cause exists as set forth in the Motion, it is **ORDERED, ADJUDGED AND DECREED** that:

    A.    The Motion is hereby granted;

    B.    The hearing on the Debtors' *Motion for Expedited Hearing and to Amend Notice Requirements on Motion of the Debtors for Entry of Order: (I) Approving Agreement with Great American WF, LLC; (II) Authorizing the Sale of the Debtors' Assets Free and Clear of All Liens, Claims Encumbrances and Interests; (III) Approving a Break-Up Fee; (IV) Approving the Form and Manner of the Notice of Such Sale; and (V) Granting Related Relief* (the "Sale Motion") shall be heard on an expedited basis on May 19, 2010 at 10:00 a.m.;

    C.    Objections to the Sale Motion shall be filed on or before 12:00 p.m. on May 18, 2010; and

    D.    The notice requirements under Rule 2002 of the Federal Rules of Bankruptcy Procedure are hereby modified such that the Debtors are not required to give notice of the Sale Motion to any current or former employees.

Date:  May ___, 2010  
         Richmond, Virginia

United States Bankruptcy Judge

4820-7797-9142.2

2

3

We ask for this:

/s/ Michael A. Condyles

**KUTAK ROCK LLP**

    Michael A. Condyles (VA 27807)
    Peter J. Barrett (VA 46179)
    Jeremy S. Williams (VA 77469)
    Bank of America Center
    1111 East Main Street, Suite 800
    Richmond, Virginia  23219-3500
    Telephone:  (804) 644-1700
    Fax:  (804) 783-6192

                and

**SONNENSCHEIN NATH & ROSENTHAL LLP**

    John A. Bicks (NY 2032498)
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 768-6700
    Fax: (212) 768-6800

    *Attorneys for Debtors and Debtors in Possession*

4820-7797-9142.2         3