| | |
|---|---|
| John A. Bicks (NY 2032498) | Michael A. Condyles (VA 27807) |
| Louis A. Curcio (NY 4016267) | Peter J. Barrett (VA 46179) |
| Linda Bechutsky (NY 4642476) | Jeremy S. Williams (VA 77469) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | KUTAK ROCK LLP |
| 1221 Avenue of the Americas | Bank of America Center |
| New York, NY 10020-1089 | 1111 East Main Street, Suite 800 |
| Telephone: (212) 768-6700 | Richmond, Virginia 23219-3500 |
| | Telephone: (804) 644-1700 |

*Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC., et al.,[1] | ) | Case No. 10-30696 (DOT) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER (I) ESTABLISHING BAR DATE FOR FILING ADMINISTRATIVE CLAIM FORMS; (II) AUTHORIZING THE DEBTORS TO IMPLEMENT PROCEDURES FOR THE FILING OF ADMINISTRATIVE CLAIMS; AND (III) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") pursuant to Bankruptcy Code Sections 105(a), 503 and 507(a)(2) establishing a bar date and related procedures for the filing of administrative expense claims and approving the form, manner, and sufficiency of notice of the bar date (the "Initial Administrative Claims Bar Date Notice"); and the Court having reviewed the Motion; and the Court having determined that the relief request in the Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in interest, the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4816-9642-1383.2

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted as set forth herein.

2. The deadline by which all persons or entities holding a claim entitled to administrative priority under 11 U.S.C. § 503 (but excluding claims arising under 11 U.S.C. § 503(b)(9)) and arising after February 2, 2010 (the "Commencement Date") but prior to July 31, 2010 (the "Cutoff Date") (such claim, an "Administrative Claim") shall be September 1, 2010 (the "Initial Administrative Claims Bar Date")

3. The form of notice of the Initial Administrative Claims Bar Date substantially in the form attached as Exhibit 1 hereto (the "Initial Administrative Claims Bar Date Notice"), and the manner of providing notice of the Initial Administrative Claims Bar Date as provided herein are approved.

4. Within three (3) business days from the date of entry of this Order, the Initial Administrative Claims Bar Date Notice shall be mailed to (i) all parties who have requested notice pursuant to Bankruptcy Rule 2002; (ii) the United States Trustee; (iii) counsel for the Committee; (iv) all landlords (via overnight courier); and (v) all known creditors of the Debtors.

5. Subject only to the exceptions set forth in paragraph 9, all persons or entities holding an Administrative Claim against the Debtors arising after the Commencement Date and prior to the Cutoff Date shall complete the form and declaration attached hereto as Exhibit 2 (the "Administrative Claim Form and Declaration") and deliver it to the Debtors' claims agent,

Kurtzman Carson Consultants, LLC ("KCC") on or before the Initial Administrative Claims Bar Date.

6. For any Administrative Claim Form and Declaration to be timely and properly filed, the Administrative Claim Form and Declaration, together with any and all required supporting documentation, must be received by KCC, at the address set forth in the Initial Administrative Claims Bar Date Notice, no later than 5:00 p.m. (prevailing Pacific Time) on the Initial Administrative Claims Bar Date.

7. Administrative Claim Form and Declarations will be deemed filed only when actually delivered to and received by KCC in accordance with the procedures set forth in this Order.

8. Any holder of an Administrative Claim that is required to file, and fails to file, an Administrative Claim Form and Declaration by the Initial Administrative Claims Bar Date and in accordance with the procedures set forth in this Order is forever barred, estopped, and permanently enjoined from asserting such Administrative Claim against the Debtors or the property of any of the Debtors or any successors to the Debtors, and such holder shall not be entitled to receive any distribution in these bankruptcy cases on account of such Administrative Claim.

9. The following Administrative Claims are exempt from the Initial Administrative Claims Bar Date, and holders of such Administrative Claims shall not be required to file an Administrative Claim Form and Declaration with respect to such Administrative Claims:

    (a) Fees and expenses incurred by professionals employed by Order of the Court in the above-referenced cases;

    (b) Administrative Claims of Kurtzman Carson Consultants, LLC in the above-referenced cases;

    (c) Fees arising under 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) in the above-referenced cases;

  (d)  Administrative Claims of the Prepetition Secured Parties arising under, or authorized by, the Final Order (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection to Certain Pre-Petition Secured Parties, and (C) Granting Related Relief, entered on February 25, 2010 in these cases (as the same may have been amended, or may be amended, from time to time);

  (e)  Administrative Claims arising after the Cutoff Date in the above-referenced cases;

  (f)  Administrative Claims arising under 11 U.S.C. § 503(b)(4) in the above-referenced cases;

  (g)  Administrative Claims that have already been asserted by the filing of a motion or claim by the holder of such claims on or before the date of this Order; and

  (h)  Administrative Claims that have been previously paid or otherwise satisfied on or before the date of this Order.

10. The following procedures relating to Administrative Claims (the "Administrative Claims Procedures") are hereby approved:

  (a)  All claimants seeking payment of Administrative Claims arising after the Commencement Date but prior to the Cutoff Date must submit an Administrative Claim Form and Declaration, substantially in the form of Exhibit 2, on or before the Initial Administrative Claims Bar Date in accordance with the procedures set forth in this Order.

  (b)  Parties asserting Administrative Claims arising from leases of nonresidential real property ("Leases") are required to provide the following information, with specificity, on their Administrative Claim Form and Declaration: (i) the store number assigned by the Debtors to the subject Lease, if ascertainable; (ii) the address of the store related to the subject Lease; and (iii) a detailed breakdown of the amounts sought, including, but not limited to, rent, common area maintenance, taxes, insurance and clean-up, as applicable.

  (c)  Each Administrative Claim Form and Declaration shall be accompanied by copies of all relevant agreements, leases, invoices or other documentation supporting the Administrative Claim. If other documentation supporting the Administrative Claim is voluminous, a summary may be included.

11. Notwithstanding the Court's approval of the Administrative Claims Procedures, the allowance and/or payment of all Administrative Claims asserted against the Debtors will ultimately be determined by the Court.

12. Nothing in this Order shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Administrative Claim on any ground, or to assert offsets against or defenses to such claim, as to amount, liability, or otherwise or any creditor's right or ability to amend their claims, but not assert new claims, provide additional documentation in support of such claims or in opposition to any defenses to such claims.

13. Nothing contained in this Order shall: (i) be deemed to constitute an assumption or rejection of any executory contract or pre-petition or post-petition agreement between the Debtors and any claimant, or (ii) impact any prior Order of the Bankruptcy Court requiring that claims arising under 11 U.S.C. § 503(b)(9) or any other claims other than Administrative Claims be filed on or before a date other than the Initial Administrative Claims Bar Date.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15. This Court retains jurisdiction to hear and determine all matters and disputes arising from or related to the implementation or interpretation of this Order.

Dated: _____          _____
      Richmond, Virginia                                               United States Bankruptcy Judge

We ask for this:

/s/ Jeremy S. Williams_____

**KUTAK ROCK LLP**

   Michael A. Condyles (VA 27807)
   Peter J. Barrett (VA 46179)

   Jeremy S. Williams (VA 77469)
   Bank of America Center
   1111 East Main Street, Suite 800
   Richmond, Virginia  23219-3500
   Telephone:  (804) 644-1700
   Fax:  (804) 783-6192

                        and

**SONNENSCHEIN NATH & ROSENTHAL LLP**

   John A. Bicks (NY 2032498)

   Louis A. Curcio (NY 4016267)
   Linda Bechutsky (NY 4642476)
   1221 Avenue of the Americas
   New York, NY 10020-1089
   Telephone:  (212) 768-6700
   Fax:  (212) 768-6800
   *Attorneys for Debtors and Debtors in Possession*

## LOCAL RULE 9022-1(C)(2) CERTIFICATION

      The undersigned hereby certifies that the foregoing proposed Order has been served upon Core Group and the 2002 List, as such terms are defined in that certain Order Establishing Certain Notice, Case Management and Administrative procedures [Docket No. 118] entered by the Court on February 8, 2010.  On July 30, 2010, service of the proposed Order was effected on the aforementioned parties by electronic mail, overnight mail and/or first class mail, postage prepaid (only if electronic mail or overnight mail was unavailable).  As represented at the hearing held on July 22, 2010, given the cost of service on all known creditors and the nature of the revisions made, the foregoing proposed Order was served only on the Core Group and the 2002 List.

                                                                              /s/ Jeremy S. Williams_____

**Exhibit 1**

**Initial Administrative Claims Bar Date Notice**

| | |
|---|---|
| John A. Bicks (NY 2032498) | Michael A. Condyles (VA 27807) |
| Louis A. Curcio (NY 4016267) | Peter J. Barrett (VA 46179) |
| Linda Bechutsky (NY 4642476) | Jeremy S. Williams (VA 77469) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | KUTAK ROCK LLP |
| 1221 Avenue of the Americas | Bank of America Center |
| New York, NY 10020-1089 | 1111 East Main Street, Suite 800 |
| Telephone: (212) 768-6700 | Richmond, Virginia  23219-3500 |
| | Telephone:  (804) 644-1700 |

*Attorneys for Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., et al.,[3] | ) Case No. 10-30696 (DOT) |
| | ) |
| Debtors. | ) |
| | ) |

### NOTICE OF BAR DATE FOR FILING
### ADMINISTRATIVE CLAIM FORM AND DECLARATIONS

**PLEASE TAKE NOTICE THAT SEPTEMBER 1, 2010, 2010 AT 5:00 PM PREVAILING PACIFIC TIME HAS BEEN ESTABLISHED AS THE DEADLINE FOR FILING AN ADMINISTRATIVE CLAIM FORM AND DECLARATION IN THE ABOVE-CAPTIONED CASES FOR CLAIMS ARISING AFTER FEBRUARY 2, 2010 AND PRIOR TO JULY 31, 2010.**  Except as set forth below, all parties asserting administrative expense claims ("Administrative Claims"), as defined in sections 101(5) and 503 (but excluding claims asserted under 503(b)(9)) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") arising prior to the Cutoff Date (as defined below) are required to file proof of such Administrative Claim (an "Administrative Claim Form and Declaration") on or before September 1, 2010 at 5:00 p.m. prevailing Pacific time (the "Initial Administrative Claims Bar Date").

**PERSONS OR ENTITIES WHO MUST FILE AN ADMINISTRATIVE CLAIM FORM**

On _____ \_\_, 2010 the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an Order (the "Initial Administrative Claims Bar Date Order") establishing the Initial Administrative Claims Bar Date in the above-referenced Chapter 11 cases. The Initial Administrative Claims Bar Date Order requires persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert an Administrative Claim under Bankruptcy Code section 503 (but excluding claims asserted under section 503(b)(9)) arising after the Commencement Date but on or

---

[3]   The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4816-9642-1383.2

prior to July 31, 2010, 2010 (the "Cutoff Date") against any of the Debtors, to file an Administrative Claim Form and Declaration. Subject only to the exceptions for claims described in the immediately following section, any person or entity holding an Administrative Claim that arises prior to the Cutoff Date must file an Administrative Claim Form and Declaration on or before the Initial Administrative Claims Bar Date.

### ADMINISTRATIVE CLAIMS EXEMPT FROM THE
### INITIAL ADMINISTRATIVE CLAIMS BAR DATE

The following Administrative Claims are exempt from the Initial Administrative Claims Bar Date, and the holders of such Administrative Claims shall not be required to file an Administrative Claim Form and Declaration with respect to such Administrative Claim:

(a)  Fees and expenses incurred by professionals employed by Order of the Court in the above-referenced cases;

(b)  Administrative Claims of Kurtzman Carson Consultants, LLC ("KCC") in the above-referenced cases;

(c)  Fees arising under 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) in the above-referenced cases;

(d)  Administrative Claims of the Prepetition Secured Parties arising under, or authorized by, the Final Order (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection to Certain Pre-Petition Secured Parties, and (C) Granting Related Relief, entered on February 25, 2010 in these cases (as the same may have been amended, or may be amended, from time to time);

(e)  Administrative claims arising after the Initial Administrative Claims Bar Date in the above-referenced cases;

(f)  Administrative claims arising under 11 U.S.C. § 503(b)(4) in the above-referenced cases;

(g)  Administrative Claims that have already been asserted by the filing of a motion or claim by the holder of such claims on or before the date of this Order; and

(h)  Administrative Claims that have been previously paid or otherwise satisfied on or before the date of this Order.

### CONTENTS OF CLAIMS ARISING FROM LEASES

Parties asserting Administrative Claims arising from a lease of nonresidential real property ("Lease") must include the following information on their Administrative Claim Form and Declaration:

1.  The store number assigned by the Debtors to the subject Lease, if ascertainable.

- 2 -

4816-9642-1383.2

    2.    The address of the store associated with the subject Lease.
    3.    A detailed breakdown of the applicable amounts sought, including, but not limited to:
        a. rent;
        b. common area maintenance;
        c. taxes;
        d. insurance; and
        e. clean-up.

In addition, all Administrative Claims arising from the termination of Leases must include or attach documentation to their Administrative Claim Form and Declaration identifying the particular invoices supporting the related asserted Administrative Claims and must attach a copy of the subject Lease.

## TIME AND PLACE FOR FILING ADMINISTRATIVE
## CLAIM FORMS AND DECLARATION

An electronic version of the Administrative Claim Form and Declaration may be downloaded from www.kccllc.net/moviegallery.

For any Administrative Claim Form and Declaration to be timely and properly filed, a person or entity holding an Administrative Claim must file, by electronic mail, regular mail, hand-delivery or overnight courier, an Administrative Claim Form and Declaration and all supporting documentation with the Debtors' claims agent, KCC, at the following addresses:

    if by regular mail, hand-delivery or overnight courier:

> **Movie Gallery Claim Processing**
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California  90245

or if by electronic mail:

> **MovieGalleryAdminClaims@kccllc.com**

Except with respect to the Administrative Claims that are exempt from the Initial Administrative Claims Bar Date as set forth above, all Administrative Claim Form and Declarations and supporting documentation must be submitted in the same format (either hard copy or electronically) or such Administrative Claims will be rejected.

- 3 -

4816-9642-1383.2

Each Administrative Claim Form and Declaration must be <u>delivered to and received by</u> KCC no later than the Initial Administrative Claims Bar Date.  An Administrative Claim Form and Declaration will be deemed filed only when <u>actually received</u> by KCC.

## CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM FORM AND DECLARATION

**ANY PERSON OR ENTITY HOLDING AN ADMINISTRATIVE CLAIM ARISING BEFORE THE CUTOFF DATE THAT FAILS TO FILE AN ADMINISTRATIVE CLAIM FORM AND DECLARATION ON OR BEFORE THE INITIAL ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING SUCH ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, THEIR ESTATES, ANY SUCCESSORS TO THE DEBTORS, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.**

## ADDITIONAL INFORMATION

It is strongly recommended that you consult counsel regarding the filing of an Administrative Claim Form and Declaration.  If you require additional information regarding the filing of an Administrative Claim, you may contact counsel for the Debtors in writing at the addresses listed above.  Counsel for the Debtors cannot provide you with legal advice.

4816-9642-1383.2

**Exhibit 2**

**Administrative Expense Form and Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC., et al.,[4] | ) | Case No. 10-30696-DOT |
| | ) | |
| Debtors. | ) | |
| | ) | |

**PROOF OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b) AND DECLARATION PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT THEREOF**

**IMPORTANT NOTICES:**

1.  This form and declaration should only be executed and delivered by administrative creditors seeking to assert claims against Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, or HEC Real Estate, LLC. (collectively, the "Debtors") which arose ***after February 2, 2010*** and ***prior to July 31, 2010.*** Creditors seeking to assert claims that arose prior to February 2, 2010 should review the Court's *Order Approving (I) Rejection of Unexpired Leases and Executory Contracts, (II) Expedited Procedures for Rejecting Executory Contracts and Unexpired Leases, and (III) Abandonment of Personal Property* [Docket No. 72] as amended by the *Final Order Approving (I) Rejection of Unexpired Leases and Executory Contracts, (II) Expedited Procedures for Rejecting Executory Contracts and Unexpired Leases, and (III) Abandonment of Personal Property* [Docket No. 715]; and *Order Establishing Bar Dates and Approving Form and Manner of Notice of Bar Dates for Creditors to File Proof of Claim* [Docket No. 1043]. Creditors seeking to assert claims that will arise after July 31, 2010 will be required to follow the procedures set forth in the Debtors' plan of liquidation.

2.  This form and declaration must be properly completed and delivered, with copies of all supporting documentation, to the Debtors' claims agent, Kurtzman Carson Consultants LLC on or before ***September 1, 2010.*** If not properly completed and timely delivered together with any required supporting materials as described below, then any claims asserted herein may be disallowed by the Bankruptcy Court.

3.  The Debtors, on behalf of themselves and their successors and assigns, reserve all rights to object to any administrative claims on any basis available to them. Objections, if any, to administrative claims will be filed and served upon administrative creditors at the address listed in this form and declaration.

---
[4] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4816-9642-1383.2

**GENERAL INFORMATION**

Please provide the following general information:

| Name of Creditor: | |
|---|---|
| Contact Information | Name: _____ <br> Address: _____ <br> _____ <br> _____ <br> _____ <br> Tel: _____ <br> Fax: _____ <br> Email: |
| Date Claim Arose: | |
| Total Amount of Claim: | |
| Debtor Claim Asserted Against: | ☐ Movie Gallery, Inc. Case No.10-30696 <br> ☐ Hollywood Entertainment Corporation Case No. 10-30695 <br> ☐ Movie Gallery US, LLC Case No. 10-30697 <br> ☐ MG Real Estate, LLC Case No. 10-30698 <br> ☐ HEC Real Estate, LLC Case No. 10-30700 |

**FOR LANDLORDS ONLY: POST-PETITION RENT AND OTHER POSTPETITION AMOUNTS DUE**

1.  Landlords asserting claims for rent, common area maintenance, taxes, insurance or any other charges due under a lease with a Debtor must complete the table below. This form is only for such charges that relate to the Debtors' use and occupancy of a leased property after February 2, 2010, and not for any charges that relate to such use and occupancy prior to February 2, 2010.

2.  Copies of all relevant documentation should be attached to this form, including, a copy of the lease and copies of all relevant invoices and/or tax bills. Landlords asserting administrative claims on account of more than one property leased to the Debtors should complete one chart for each such property, attaching in each instance copies of all relevant documentation as set forth above.

4816-9642-1383.2                                2

If you are a landlord, please provide the following information:

| Date of Lease: | |
|---|---|
| Debtor Party to Lease | |
| Store Address: | _____<br>_____<br>_____<br>_____ |
| Store Number: | |

| Claim Calculation:<br><br>*only complete each section if the lease obligates a debtor to pay such amount | Category of Claim | Amount | Time Period |
|---|---|---|---|
| | Base Rent Unpaid after February 2, 2010: | | |
| | CAM Charges Unpaid after February 2, 2010: | | |
| | Taxes Unpaid after February 2, 2010 (for any period after February 2, 2010) | | |
| | Insurance Unpaid after February 2, 2010 (for any coverage after February 2, 2010) | | |
| | Other Charges Due Under Lease after February 2, 2010:<br><br>*Explanation of Other Charges:* | | |
| | **TOTAL:** | | |

**ALL HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS OTHER THAN LANDLORDS**

3.  Any administrative claimant other than a landlord must provide sufficient information in the space below to allow the Debtors to properly evaluate their administrative claim. Such description should include the basis for such claim, the amount sought, and the period during which such claim arose. Copies of all relevant documentation, or, if such relevant documentation is voluminous, a summary thereof should be attached to this form.

4816-9642-1383.2                                    3

4. A detailed calculation of the administrative claim asserted in connection with this form and declaration should be provided in the space below or, if necessary, in a spreadsheet and/or written summary submitted as an exhibit.

| | |
|---|---|
| **Dates Claim Arose:** | |
| **Description of Administrative Claim:** | |
| **Detailed Calculation of Claim** | |

## CERTIFICATION OF AUTHORIZED REPRESENTATIVE OF ADMINISTRATIVE CLAIMANT

5. This form and declaration constitutes the above-identified administrative claimant's support and evidence of a claim arising under 11 U.S.C. § 503(b) of the Bankruptcy Code. It constitutes a sworn statement given pursuant to 28 U.S.C. § 1746 and is provided under penalty of perjury.

6. By executing this form and declaration, each signatory certifies that they are authorized to assert an administrative claim on their own behalf or on behalf of the administrative claimant identified in this form and declaration.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

_____
Name:
Title:

Executed on _____, 2010

4816-9642-1383.2                                         5