John A. Bicks (NY 2032498)
Linda Bechutsky (NY 4642476)
Louis A. Curcio (NY 4016267)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC., <u>et al.</u>,[1] | ) | Case No. 10-30696 (DOT) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER:
(I) AUTHORIZING THE SALE OF THE DEBTORS' INTELLECTUAL
PROPERTY AND INTANGIBLE ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS; (II) APPROVING THE FORM
OF AGREEMENT TO BE EXECUTED IN CONNECTION WITH SUCH SALE(S);
(III) APPROVING AUCTION PROCEDURES; (IV) APPROVING FORM AND <u>MANNER
OF NOTICE; AND (V) GRANTING RELATED RELIEF</u>**

Upon the Motion (the "<u>Motion</u>") of the Debtors for entry of an Order: (i) authorizing the sale of certain of the Debtors' assets free and clear of all liens, claims, encumbrances and interests pursuant to the Agreement; (ii) approving the form of Asset Purchase Agreement attached to the Motion as <u>Exhibit B</u> (the "<u>Agreement</u>") to be executed by Movie Gallery Inc., Movie Gallery US, LLC and Hollywood Entertainment Corporation (collectively, the "<u>Sellers</u>") and one or more successful bidders to be determined in accordance with the auction procedures set forth below (each a "<u>Successful Bidder</u>"); (iii) approving the auction procedures set forth in the Motion; (iv) approving the form and manner of the notice of the Motion; and (v) granting related relief; and the

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

4839-1834-2663.1

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Core Group (as defined in the Order Establishing Certain Notice, Case Management and Administrative Procedures dated February 8, 2010 (the "<u>Case Management Order</u>")); (ii) the 2002 List (as defined in the Case Management Order); (iii) Hollywood Chamber of Commerce; (iv) each Affected Entity (as defined in the Case Management Order); and (v) all persons known to the Debtors who have expressed an interest in purchasing the Subject Assets[2]; and it appearing that no other or further notice need be provided; and any objections to the relief requested in the Motion having been either withdrawn or overruled; and upon all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

**FOUND AND DETERMINED THAT:**

    A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief requested are sections 105, 363 and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

    C.    The findings and conclusions set forth herein constitute the Court's

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed thereto in the Motion.

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

D. Notice of the Motion was given in accordance with the directives of the Court and as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

E. The notice of the Motion was adequate and sufficient under the circumstances, and any otherwise applicable requirement for notice is hereby waived and dispensed with. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities. The Debtors' proposed notice of the entry of this Order and the Auction Procedures attached to this Order as Exhibit 1 is approved and the delivery of such notice to the Notice Parties and to all persons known to the Debtors who have expressed an interest in purchasing the Subject Assets is adequate and sufficient under the circumstances.

F. The use by and transfer to the Successful Bidder of personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information") (or assets containing Personally Identifiable Information) in connection with certain components of the transaction is consistent with the Debtors' existing privacy policy; provided, however, that the Successful Bidder shall use such Personally Identifiable Information: (i) in compliance with the terms of Sellers' privacy policies with respect to its customers; (ii) employ appropriate information security controls and procedures (technical, operational, and managerial) to protect such information; (iii) abide by all applicable laws and regulations; and (iv) take such

- 3 -

4839-1834-2663.1

additional actions as may be agreed between Sellers and the Successful Bidder. Further, no accidental disclosure by the Debtors of personally identifiable information within the meaning of 18 U.S.C. § 2710(a)(3) shall constitute a prohibited, knowing disclosure of such information within the meaning of 18 U.S.C. § 2710(b)(1).

G. The Auction Procedures were formulated in good faith by the Debtors and are a reasonable and appropriate method for maximizing value of the Subject Assets for the benefit of the Debtors' estates.

Now, therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent provided herein. All objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied.

2. The Auction Procedures set forth in the Motion are approved in all respects and, subject to those Auction Procedures, the Sellers are hereby authorized, but not required, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to enter into the Agreement, and the Agreement is hereby approved in its entirety and is incorporated herein by reference, and the Sellers are authorized, but not required, to sell the Subject Assets to the Successful Bidder(s) in accordance with the Agreement or such other Agreement acceptable to the Debtors as the Sellers may execute consistent with the Auction Procedures.

3. In the event that only one Qualified Bid is received for the Subject Assets, the Sellers are authorized to sell the Subject Assets to the Successful Bidder submitting a bid for such Subject Assets without the need for an auction or Court hearing and may submit a Sale Order for consideration by the Court without further notice to any other parties.

4.  In the event multiple Qualified Bids are received for the Subject Assets, the Debtors shall conduct an Auction on November 9, 2010 commencing at 10:00 a.m. (prevailing Eastern time) at the offices of SNR Denton US LLP, 1221 Avenue of the Americas, New York, New York, 10020.

5.  A Sale Hearing will be held on November 15, 2010 at 1:00 p.m. (prevailing Eastern time) at the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia 23219.

6.  Except as otherwise provided in this Order or in the Agreement, pursuant to Section 363(f) of the Bankruptcy Code, the assets being sold pursuant to the Agreement shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances, interests or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), including, without limitation, of the Prepetition Secured Parties or any other person or entity including any post-petition creditors, whether arising by agreement, statute or otherwise and whether arising before, on or after the date on which these chapter 11 cases were commenced (collectively, the "Interests"), with such Interests to attach to the proceeds from the sale of the Subject Assets with the same validity, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs the Debtors may possess. Without limiting the foregoing, the proceeds from the sale of the Subject Assets will be Cash Collateral (as defined in the Final Order (A) Authorizing the Use of Cash Collateral, (B) Granting Adequate Protection to Certain Pre-Petition Secured Parties, and (C) Granting Related Relief (as amended, the "Cash Collateral Order")) and shall be subject to the Cash Collateral Order.

7. All of the transactions contemplated by the Agreement shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The transactions contemplated by the Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

8. This Court shall retain exclusive jurisdiction to resolve any disputes regarding the Auction Procedures, the Agreement, this Order and the actions authorized hereunder brought by or against any person.

9. To the extent provided for in the Agreement, Hollywood Entertainment Corporation ("HEC") is authorized pursuant to Section 365 of the Bankruptcy Code to assume and assign the HCC License Agreement to the Successful Bidder upon written direction delivered to HEC in accordance with the Agreement. As soon as practicable after the receipt by HEC of such written direction, the Debtors shall file a notice of assumption and assignment with the Bankruptcy Court. Immediately upon such filing, the assumption and assignment shall be deemed effective as of the date of the Sale Order.

10. The Purchase Price and all other proceeds of the sale of the Subject Assets shall be subject to the perfected security interests of the Prepetition Secured Parties and the Prepetition Second Lien Term Parties and shall be subject to liens and administrative expense claims of the Prepetition Secured Parties and the Prepetition Second Lien Term Parties as provided in, and subject to the priorities set forth in, the Cash Collateral Order without further action by the Prepetition Secured Parties or the Prepetition Second Lien Term Parties.

11. The Debtors shall use reasonable efforts to prevent the disclosure of personally identifiable information within the meaning of 18 U.S.C. §2710(a)(3) and any accidental disclosure of such information shall not be a violation of 18 U.S.C. §2710(a)(3) by the Debtors,

- 6 -

4839-1834-2663.1

their agents, successors, assigns, attorneys, officers, directors or employees.

12. Notwithstanding Bankruptcy Rules 4001, 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Successful Bidder are free to perform under the Agreement at any time, subject to the terms of the Agreement.

13. In the event the Successful Bidder fails to timely consummate the transaction as a result of the Successful Bidder's default or breach under the Agreement by the closing date contemplated in such Agreement, the Debtors shall (i) retain the Successful Bidder's Good Faith Deposit, and (ii) be free to enter into and consummate a new Agreement with the Qualified Bidder who submitted the next highest bid for those Subject Assets at the Auction, whose Qualifying Bid shall be deemed open, without the need for an additional hearing before or order of the Bankruptcy Court.

14. The Debtors shall have the right to terminate the sale process with respect to all or any portion of the Subject Assets at any time prior to the Sale Hearing and no party shall have any claims against the Debtors as a result of the Debtors' election to do so.

Dated: October __, 2009

_____
United States Bankruptcy Judge

We ask for this:

/s/ Michael A. Condyles

**KUTAK ROCK LLP**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Fax: (804) 783-6192

and

**SNR DENTON US LLP**

John A. Bicks (NY 2032498)
Linda Bechutsky (NY 4642476)
Louis A. Curcio (NY 4016267)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Fax: (212) 768-6800

*Attorneys for Debtors and Debtors in Possession*

# Exhibit 1 -- Revised Auction Notice

John A. Bicks (NY 2032498)  
Linda Bechutsky (NY 4642476)  
Louis A. Curcio (NY 4016267)  
SNR DENTON US LLP  
1221 Avenue of the Americas  
New York, NY 10020-1089  
Telephone: (212) 768-6700  

Michael A. Condyles (VA 27807)  
Peter J. Barrett (VA 46179)  
Jeremy S. Williams (VA 77469)  
KUTAK ROCK LLP  
Bank of America Center  
1111 East Main Street, Suite 800  
Richmond, Virginia 23219-3500  
Telephone: (804) 644-1700  

*Attorneys for Debtors and Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOVIE GALLERY, INC., et al.,³ | ) Case No. 10-30696 (DOT) |
| | ) |
| Debtors. | ) |
| | ) |

NOTICE OF ENTRY OF ORDER (I) AUTHORIZING
THE SALE OF THE DEBTORS' INTELLECTUAL PROPERTY AND
INTANGIBLE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS; (II) APPROVING THE FORM
OF AGREEMENT TO BE EXECUTED IN CONNECTION WITH SUCH
SALE(S); (III) APPROVING AUCTION PROCEDURES; (IV) APPROVING
FORM AND MANNER OF NOTICE; AND (V) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE THAT** on February 2, 2010, the above-captioned debtors (collectively, the "Debtors") filed petitions commencing cases under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE FURTHER NOTICE THAT** on October __, 2010 the Bankruptcy Court entered an Order Granting Motion of the Debtors for an Order: (i) Authorizing the Sale of the Debtors' Intellectual Property and Intangible Assets Free and Clear of all Liens, Claims,

---

³ The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

Encumbrances and Interests; (ii) Approving the Form of Agreement to be Executed in Connection with Such Sale(s); (iii) Approving Auction Procedures; (iv) Approving Form and Manner of Notice; and (v) Granting Related Relief [Docket No. __] (the "Order").[4]

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Order, the Debtors propose to sell certain intellectual property and intangible assets identified on Schedules C-1, C-2 and C-3 to this Notice (the "Subject Assets"). Parties that wish to submit a bid should review carefully the Order and the Auction Procedures established by the Order. All bids are due on or before November 5, 2010 (the "Bid Deadline"). **If you are interested in submitting a bid for the Subject Assets, you must comply with the Auction Procedures approved by the Court. Only Qualified Bids submitted by Qualified Bidders will be considered.**

**PLEASE TAKE FURTHER NOTICE THAT** if more than one Qualified Bid is received on or before the Bid Deadline, the Debtors will conduct an auction of the Subject Assets on November 9, 2010 (the "Auction"), commencing at 10:00 a.m. (prevailing Eastern time). The Auction will be conducted in the law offices of SNR Denton US LLP, located at 1221 Avenue of the Americas, New York, New York 10020. Qualified Bidders are required to appear in person at the Auction through an authorized representative, although the Debtors will consider requests to participate in the Auction via telephone.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to approve the sale of the Subject Assets (the "Sale Hearing") will take place on November 15, 2010 at 1:00 p.m. (prevailing Eastern time) at the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia 23219.

**PLEASE TAKE FURTHER NOTICE THAT** the sale of such Subject Assets shall be free and clear of all liens, claims, interests and encumbrances with all such liens, claims, interests, and encumbrances attaching to the net proceeds of such sale or transfer with the same validity, extent and priority as had attached to such assets immediately prior to such sale or transfer.

Richmond, Virginia  
Dated: October __, 2010

Respectfully submitted,

**KUTAK ROCK LLP**

By: _____

    Michael A. Condyles (VA 27807)  
    Peter J. Barrett (VA 46179)  
    Jeremy S. Williams (VA 77469)  
    Bank of America Center  
    1111 East Main Street, Suite 800  
    Richmond, Virginia 23219-3500  
    Telephone: (804) 644-1700  
    Fax: (804) 783-6192

---

[4] Capitalized terms but not otherwise herein shall have the meanings set forth in the Order.

and

**SNR DENTON US LLP**

    John A. Bicks (NY 2032498)
    Linda Bechutsky (NY 4642476)
    Louis A. Curcio (NY 4016267)
    1221 Avenue of the Americas
    New York, NY 10020-1089
    Telephone: (212) 398-4898
    Fax: (212) 768-6800

*Attorneys for Debtors and Debtors in Possession*

Schedule C-1 to Notice of Sale

Schedule C-2 to Notice of Sale

4839-1834-2663.1

Schedule C-3 to Notice of Sale