| | |
|---|---|
| John A. Bicks (NY 2032498) | Michael A. Condyles (VA 27807) |
| Linda Bechutsky (NY 4642476) | Peter J. Barrett (VA 46179) |
| Louis A. Curcio (NY 4016267) | Jeremy S. Williams (VA 77469) |
| SNR DENTON US LLP | KUTAK ROCK LLP |
| 1221 Avenue of the Americas | Bank of America Center |
| New York, NY 10020-1089 | 1111 East Main Street, Suite 800 |
| Telephone: (212) 768-6700 | Richmond, Virginia 23219-3500 |
| | Telephone: (804) 644-1700 |

*Attorneys for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOVIE GALLERY, INC., et al.,[1] | ) | Case No. 10-30696 (DOT) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING THE SALE OF THE DEBTORS' INTELLECTUAL PROPERTY
AND INTANGIBLE ASSETS TO MGIP, LLC FREE AND CLEAR
OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

Upon the Motion (the "Motion") of the Debtors for entry of an Order: (i) authorizing the sale of certain of the Debtors' assets free and clear of all liens, claims, encumbrances and interests pursuant to the Agreement; (ii) approving the form of Asset Purchase Agreement attached to the Motion as Exhibit B (the "Agreement") to be executed by Movie Gallery Inc., Movie Gallery US, LLC and Hollywood Entertainment Corporation (collectively, the "Sellers") and one or more successful bidders to be determined in accordance with the auction procedures set forth in the Motion (each a "Successful Bidder"); (iii) approving the auction procedures set forth in the Motion; (iv) approving the form and manner of the notice of the Motion; and (v) granting related relief; and the Court having entered its Order dated October 27, 2010 approving the auction procedures and the form of Agreement (Docket No. 2361; the "Procedures Order"); and the

---

[1] The Debtors in the cases are Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

Debtors having conducted an auction (the "Auction") in accordance with the procedures set forth in the Motion on November 9, 2010; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to: (i) the Core Group (as defined in the Order Establishing Certain Notice, Case Management and Administrative Procedures dated February 8, 2010 (the "Case Management Order")); (ii) the 2002 List (as defined in the Case Management Order); (iii) Hollywood Chamber of Commerce; (iv) each Affected Entity (as defined in the Case Management Order); and (v) all persons known to the Debtors who have expressed an interest in purchasing the Subject Assets[2]; and it appearing that no other or further notice need be provided; and no objections to the relief requested in the Motion having been filed or raised on the record; and upon all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

**FOUND AND DETERMINED THAT:**

    A.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.        The statutory predicates for the relief requested are sections 105, 363 and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Federal Rules of Bankruptcy

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed thereto in the Motion.

Procedure (the "Bankruptcy Rules").

C. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

D. Notice of the Motion, the Auction and the Auction Procedures was given in accordance with the directives of the Court and as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

E. The notice of the Motion, the Auction and the Auction Procedures was adequate and sufficient under the circumstances, and any otherwise applicable requirement for notice is hereby waived and dispensed with. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein and with respect to the sale of the Subject Assets has been afforded to all interested persons and entities.

F. The use by and transfer to the Successful Bidder of personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information") (or assets containing Personally Identifiable Information) in connection with the transaction is consistent with the Debtors' existing privacy policy; *provided, however,* that the Successful Bidder shall use such Personally Identifiable Information: (i) in compliance with the terms of Sellers' privacy policies with respect to its customers; (ii) employ appropriate information security controls and procedures (technical, operational, and managerial) to protect such information; (iii) abide by all applicable laws and regulations; and (iv) take such additional actions as may be agreed between Sellers and the Successful Bidder. Further, no accidental disclosure by the Debtors of personally identifiable information within the meaning of 18 U.S.C. § 2710(a)(3)

shall constitute a prohibited, knowing disclosure of such information within the meaning of 18 U.S.C. § 2710(b)(1).

G. The Auction Procedures were formulated in good faith, and the Auction was conducted in good faith by the Debtors, and were a reasonable and appropriate method for obtaining the highest value for the Subject Assets for the benefit of the Debtors' estates.

H. The Debtors have conducted the sale process for the IP Assets fairly and diligently, with adequate opportunity for interested parties to submit bids.

I. The offer of MGIP, LLC ("MGIP") for the Subject Assets is: (i) the highest and best offer received by the Debtors and (ii) fair and reasonable; and the sale of the Subject Assets to MGIP on the terms offered by MGIP as set forth on the record of the Auction and in the Asset Purchase Agreement by and among Movie Gallery, Inc and Movie Gallery US, LLC, and Hollywood Entertainment, as Seller and MGIP, LLC, as Buyer dated as of November 16, 2010 (the "APA") is in the best interests of the Debtors' estates and the Debtors' creditors.

J. Each of the Sellers and MGIP have full corporate power and authority to consummate the sale of the Subject Assets.

K. Neither the Debtors nor MGIP have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate Section 363(n) of the Bankruptcy Code with respect to the consummation of the transaction contemplated hereby.

L. The Debtors were free to deal with any other party interested in purchasing some or all of the Subject Assets. MGIP has not violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, MGIP has not acted in a collusive manner with any person and was not controlled by any agreement among bidders.

Now, therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Debtors are hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to consummate the sale of the Subject Assets to MGIP on the terms set forth in the APA.

2. Except as otherwise provided in this Order, pursuant to Section 363(f) of the Bankruptcy Code, the Subject Assets being sold shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances, interests or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, any claims based on alleged successor liability of the Debtors), including, without limitation, of the Prepetition Secured Parties or any other person or entity including any post-petition creditors, whether arising by agreement, statute or otherwise and whether arising before, on or after the date on which these chapter 11 cases were commenced (collectively, the "Interests"), with such Interests to attach to the proceeds from the sale of the Subject Assets with the same validity, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs the Debtors may possess. Without limiting the foregoing, the proceeds from the sale of the Subject Assets will be Cash Collateral (as defined in the Final Order (A) Authorizing the Use of Cash Collateral, (B) Granting Adequate Protection to Certain Pre-Petition Secured Parties, and (C) Granting Related Relief (as amended, the "Cash Collateral Order")) and shall be subject to the Cash Collateral Order.

3. All of the transactions contemplated by the Motion and Order shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal.

4. This Court shall retain exclusive jurisdiction to resolve any disputes regarding the sale of the Subject Assets, this Order and the actions authorized hereunder brought by or against any person.

5. The provisions of this Order, and any actions taken pursuant hereto or thereto shall survive: (i) the occurrence of the Effective Date, as defined in the Joint Plan of Liquidation of Movie Gallery, Inc. and its Affiliated Debtors and Debtors in Possession (Exhibit A to Docket No. 2188; the "Plan")); and (ii) entry of any order which may be entered converting the Debtors' cases from chapter 11 to chapter 7, and the rights and interests granted pursuant to this Order shall continue in this or any superseding case and shall be binding upon the Debtors, MGIP and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, including, without limitation the First Lien Term Lenders Liquidating Trustee and/or the GUC Liquidating Trustee, as those terms are defined in the Plan. The First Lien Term Lenders Liquidating Trustee shall be and hereby is authorized and directed to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order, and MGIP and any such trustee shall be and hereby are authorized to perform as agreed amongst the parties upon the appointment of a trustee without the need for further order of this Court.

6. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Subject Assets.

7. The Debtors and each of their respective officers, employees and agents are hereby authorized to execute such documents and to do such acts as are necessary or desirable to consummate the sale of the Subject Assets to MGIP and any related actions set forth therein.

8. The proceeds from the sale of the Subject Assets shall be subject to the perfected security interests of the Prepetition Secured Parties (as defined in the Cash Collateral Order) and the Prepetition Second Lien Term Parties (as defined in the Cash Collateral Order) and shall be subject to liens and administrative expense claims of the Prepetition Secured Parties (as defined in the Cash Collateral Order) and the Prepetition Second Lien Term Parties (as defined in the Cash Collateral Order) as provided in, and subject to the priorities set forth in, the Cash Collateral Order without further action by the Prepetition Secured Parties (as defined in the Cash Collateral Order) or the Prepetition Second Lien Term Parties (as defined in the Cash Collateral Order).

9. Notwithstanding Bankruptcy Rules 4001 and 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

10. No bulk sale or similar law shall prohibit the Debtors or MGIP from taking the actions contemplated and authorized by this Order.

11. All of the transactions contemplated by the APA shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The transactions contemplated by the APA are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

12. To the extent provided for in the APA, Hollywood Entertainment Corporation ("HEC") is authorized pursuant to Section 365 of the Bankruptcy Code to assume and assign the HCC License Agreement to MGIP upon written direction delivered to HEC in accordance with the Agreement. As soon as practicable after the receipt by HEC of such written direction, the Debtors shall file a notice of assumption and assignment with the Bankruptcy Court. Immediately upon

such filing, the assumption and assignment shall be deemed effective as of the date of this Order

13.     The Debtors and MGIP shall use reasonable efforts to prevent the disclosure of personally identifiable information within the meaning of 18 U.S.C. §2710(a)(3) and any accidental disclosure of such information shall not be a violation of 18 U.S.C. §2710(a)(3) by the Debtors or MGIP, or their agents, successors, assigns, attorneys, officers, directors or employees.

14.     In the event MGIP fails to timely consummate the transaction as a result of MGIP's default or breach under the APA by the closing date contemplated in the APA, the Debtors shall (i) retain MGIP's Good Faith Deposit, and (ii) be free to enter into and consummate a new agreement with the entity that submitted the next highest bid for the Subject Assets on the terms set forth on the record of the Auction, whose bid shall be deemed open, without the need for an additional hearing before or order of the Court.

Dated: _____  
Richmond, Virginia

_____  
United States Bankruptcy Judge

We ask for this:

/s/ Jeremy S. Williams  
**KUTAK ROCK LLP**  
Michael A. Condyles (VA 27807)  
Peter J. Barrett (VA 46179)  
Jeremy S. Williams (VA 77469)

Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Fax: (804) 783-6192

and

**SNR DENTON US LLP**

John A. Bicks (NY 2032498)
Linda Bechutsky (NY 4642476)
Louis A. Curcio (NY 4016267)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Fax: (212) 768-6800

*Attorneys for Debtors and Debtors in Possession*

## LOCAL RULE 9022-1(C)(2) CERTIFICATION

The undersigned hereby certifies that the foregoing proposed Order has been served upon all necessary parties, which necessary parties consist of the creditors and parties in interest constituting the Core Group, the 2002 List and the Affected Entities, as such terms are defined in that certain Order Establishing Certain Notice, Case Management and Administrative procedures [Docket No. 118] entered by the Court on February 8, 2010. On 11/17/2010, service of the proposed Order was effected on the aforementioned parties by electronic mail, overnight mail and/ or first class mail, postage prepaid (only if electronic mail or overnight mail was unavailable).

/s/ Jeremy S. Williams