Christopher J. Carolan (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

and

Jeffrey L. Jonas (admitted *pro hac vice*)
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

*Attorneys for Corliss Moore & Associates, LLC,
solely in its capacity as Liquidating Trustee for the
First Lien Term Lenders Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOVIE GALLERY, INC., et al.,[1] | Case No. 10-30696-(DOT) |
| Debtors. | (Jointly Administered) |
| | |
| CORLISS MOORE & ASSOCIATES, LLC, solely in its capacity as Liquidating Trustee for the First Lien Term Lenders Liquidating Trust, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 11-____ |
| CHARLES BAND | |
| and | |
| WIZARD ENTERTAINMENT CO., INC. | |
| Defendants. | |

---

[1] The Debtors in these cases were: Movie Gallery, Inc., Hollywood Entertainment Corporation, Movie Gallery US, LLC, MG Real Estate, LLC, and HEC Real Estate, LLC.

## COMPLAINT

Corliss Moore & Associates, LLC (the "Liquidating Trustee"), solely in its capacity as Liquidating Trustee for the First Lien Term Lenders Liquidating Trust (the "Liquidating Trust"), by counsel, and for its Complaint against Defendants, Charles Band and Wizard Entertainment Co., Inc., states and alleges as follows:

## PARTIES

1. Corliss Moore & Associates, LLC is the duly appointed Liquidating Trustee ("Plaintiff") for the First Lien Term Lenders Liquidating Trust, successor in interest to the Debtors and a trust organized under the laws of the state of Delaware (the "Liquidating Trust") and pursuant to the *Joint Plan of Liquidation of Movie Gallery, Inc. and Its Affiliated Debtors and Debtors in Possession* (as amended, the "Plan").

2. Defendant Charles Band ("Band") was the president and principal of Wizard Entertainment Co. ("Wizard" and together with Band, the "Defendants"), and upon information and belief, Mr. Band resides in the State of California.

3. Defendant Wizard is a corporation organized and existing under the laws of the State of California with a principal place of business at 11400 West Olympic Boulevard, 9th Floor, Los Angeles, California 90064.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter under 28 U.S.C. Section 157 and 1334.

5. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A), (E) and (O).

6. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. Sections 1408 and 1409.

7. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 541 and 542 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001 and Local Bankruptcy Rule 3007-1.

FACTS

8. On February 2, 2010 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of Virginia, Richmond Division [Case No. 10-30696].

9. On July 13, 2010, the Debtors filed their Plan which provided for the liquidation of all of the Debtors' assets. The Plan was confirmed on October 28, 2010 [Docket No. 2416]. Pursuant to the Plan, which became effective on November 18, 2010 (the "Effective Date") [Docket No. 2501], the Debtors' assets have been transferred to the Liquidating Trust and the Liquidating Trust is now the successor in interest to the Debtors and the Note, as such term is hereafter defined. The Plaintiff has been appointed to serve as Liquidating Trustee of the Liquidating Trust.

10. On November 1, 2007, Defendants Band and Wizard entered into a Promissory Note (the "Note") with Hollywood Entertainment Corporation ("HEC"), a copy of which is attached hereto as **Exhibit 1**. Under the terms of the Note, Defendants represented and promised to be jointly and severally liable to HEC in the amount of one million, two hundred seventy-one thousand, nine hundred eighty-two dollars and no cents (U.S. $1,271,982.00), together with interest at the annual rate of 7.5% until maturity and 10% after maturity until the Note is satisfied. As successor in interest of HEC, the Liquidating Trust is the holder of the Note.

11. The Note provided that the principal and all accrued interest would be due upon demand, but in no event later than March 31, 2008. Pursuant to its terms, the Note matured on March 31, 2008 and all amounts became due and owing.

12. On September 14, 2010, a Notice of Default and Demand for Payment letter was sent to the Defendants. A copy of the demand letter is attached hereto as **Exhibit 2**.

13. Despite demand, Defendants have made no payments on the Note.

## BREACH OF PROMISSORY NOTE

14. The Liquidating Trustee repeats and realleges each of the allegations of paragraphs 1 through 13 of this Complaint as if each were set forth in full herein.

15. Defendants entered into a Promissory Note with HEC, agreeing to pay HEC $1,271,982.00 together with interest.

16. Despite demand having been made, the Defendants have failed and refused to pay the amount owed under the Note.

17. Defendants are in breach of their obligations under the Note, including their obligations to make payments under the Note when due, and they are in default under the terms of the Note.

18. Defendants' failure and refusal to pay the amounts due to HEC under the Note constitutes a breach of contract.

19. As a direct and proximate result of Defendants' breach of contract under the Note, HEC has been damaged in an amount not less than $1,271,982.00, together with all interest.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter judgment against Defendants, jointly and severally, in the amount of $1,271,982.00, plus interest at the rate set forth in the Note and that the Court grants such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

CORLISS MOORE & ASSOCIATES,
LLC, solely in its capacity as Liquidating Trustee for the First Lien Term Lenders Liquidating Trust

Dated: March 23, 2011
       Richmond, Virginia

By: /s/ Jeremy S. Williams

**KUTAK ROCK LLP**
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Fax: (804) 783-6192

and

**BROWN RUDNICK LLP**

Christopher J. Carolan (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 209-4937
Fax: (212) 209-4937

and

Jeffrey L. Jonas (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax: (617) 289-8201

*Attorneys for Corliss Moore & Associates, LLC solely in its capacity as Liquidating Trustee for the First Lien Term Lenders Liquidating Trust*

PROMISSORY NOTE

$1,271,982                                                                                            November 1, 2007

For value received, the undersigned, Charles Band, an individual, and Wizard Entertainment Co., Inc., a California corporation (hereinafter collectively called the "Obligor"), jointly and severally promise to pay to the order of Hollywood Entertainment Corporation, a Virginia corporation (hereinafter called the "Obligee"), at the address of the Obligee in Wilsonville, Oregon, or at such other place as the Obligee may designate, the sum of One Million Two Hundred Seventy One Thousand Nine Hundred Eighty Two and No/100 Dollars ($1,271,982), together with interest thereon at the rate and on the date(s) provided below from the date of this note (or other interest accrual date shown below) until maturity, and with interest on the aggregate unpaid principal and accrued interest at maturity at the rate which is two and 1/2 percent (2.5%) per annum in excess of the rate stated below or the maximum rate allowed by law, whichever is less, from maturity until said aggregate indebtedness is paid in full.

INTEREST RATE

Interest will accrue on the above-stated principal sum at the rate of seven and 1/2 percent (7.5 %) per annum from the date of this note until maturity.

PAYMENT SCHEDULE

The above-stated principal sum and all accrued interest thereon shall be payable upon demand, but in no event later than March 31, 2008. Notwithstanding anything to the contrary contained herein, the undersigned may prepay any amount due under this note without penalty.

The Obligor shall be liable for all indebtedness represented by this note and has subscribed its name hereto without condition that anyone else should sign or become bound hereon and without any other condition whatever being made. The provisions of this note are binding on the heirs, personal representative, successors and assigns of the Obligor and shall inure to the behalf of the Obligee, its successors and assigns.

The Obligee shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies, and no waiver of any kind shall be valid, unless in writing and signed by the Obligee. All rights and remedies of the Obligee under the terms of this note and under statutes or rules of law shall be cumulative and may be exercised successively or concurrently. The Obligor agrees that the Holder of this note shall be entitled to all the rights of a holder in due course of a negotiable instrument. This note shall be governed by and construed in accordance with the laws of the United States and the State of California. Any provision of this note which may be unenforceable or invalid under any law shall be ineffective to the extent of such unenforceability or invalidity without affecting the enforceability or validity of any other provision hereof. Any notice required to be given to any person shall be deemed sufficient if delivered to such person or if mailed, postage prepaid, to such person's address as it appears on this note or, if none appears, to any address of such person in the Obligee's files. The Obligee shall have the right to assign all of its right, title and interest under this note upon prior written notice to Obligor at Obligor's last known business address with a copy to Michael Wolf, Esq., Wolf, Rifkin, Shapiro & Schulman, LLP, 11400 W. Olympic Blvd., Suite 900, Los Angeles, CA 90064.

_____                                   _____
Witness                                                   Name: Charles Band, an individual

_____                                   _____
Witness                                                   Name: Charles Band, in his capacity as _____
                                                          of Wizard Entertainment Co., Inc.

EXHIBIT
1

**KUTAK ROCK LLP**

SUITE 800
BANK OF AMERICA CENTER
1111 EAST MAIN STREET

RICHMOND, VIRGINIA 23219-3500

804-644-1700
FACSIMILE 804-783-6192

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
OKLAHOMA CITY
OMAHA
PHILADELPHIA
SCOTTSDALE
WASHINGTON
WICHITA

JEREMY S. WILLIAMS
jeremy.williams@kutakrock.com
(804) 644-1700

September 14, 2010

**VIA CERTIFIED MAIL, RETURN RECEIPT
REQUESTED, AND VIA FIRST-CLASS MAIL**

Charles R. Band
1271 Granville Avenue, Apt. 306
Los Angeles, California 90025

Wizard Entertainment Co., Inc.
Michael Wolf, Registered Agent
11400 West Olympic Boulevard
Ninth Floor
Los Angeles, California 90064

Re:   *Notice of Default and Demand for Payment*

Gentlemen:

This firm represents Hollywood Entertainment Corporation ("Hollywood"). Charles R. Band and Wizard Entertainment Co., Inc. (collectively, the "Borrowers") are indebted to Hollywood pursuant to a Promissory Note dated November 1, 2007 in the original principal amount of $1,271,982.00 (the "Note" and all amounts due or to become due under the Note are referred to herein collectively as the "Obligations").

The Borrowers are in default under the Loan Documents as a result of the maturity of the Note without repayment. Demand is hereby made for the immediate payment of the full amount of all Obligations due Hollywood under the Note. If repayment in full of all Obligations due Hollywood has not been made within ten (10) days of the date of this letter, Hollywood will take such actions as it deems appropriate to protect its interests and to enforce its rights and remedies available under the Loan Documents and to take such other actions as may be available at law or in equity. You may contact me for more specific information regarding payoff amounts.

This demand is made without prejudice to or waiver of the rights or remedies of Hollywood under the Note or any other right or remedy available to Hollywood at law or in equity, including, but not limited to, Hollywood's right to institute actions at law, or to take whatever action is appropriate or necessary to protect Hollywood's interests in this matter. Nothing contained in this letter or in the previous or subsequent discussions or communications

4821-2951-5527.2

EXHIBIT 2

**KUTAK ROCK LLP**

Charles R. Band
Wizard Entertainment Co., Inc.
September 14, 2010
Page 2

between the Borrowers, Hollywood or such parties' respective representatives or counsel shall serve or be deemed to waive or modify any provision of the Note, establish a custom or waiver, or limit or condition the rights and remedies of Hollywood. Any partial payment made to Hollywood, if accepted, shall not constitute a waiver or a modification of any default or a waiver or postponement of any rights or remedies of Hollywood. Hollywood expressly reserves all of its rights and remedies.

Sincerely,

Jeremy S. Williams

cc:  Donato Capobianco, Esq. (via electronic mail)
     Peter J. Barrett, Esq.

4821-2951-5527.2