UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Movie Gallery, Inc., et al.,         Case No. 10-30696-DOT
       Debtors        Chapter 11

### MEMORANDUM OPINION ON 1) MOTION FOR APPLICATION OF BANKRUPTCY RULE 7023 AND 2) OBJECTION TO CLAIM OF MARIO GUERRIERO

### Introduction

Before the court are two issues: 1) creditor Mario Guerriero's motion for an order applying Bankruptcy Rule 7023 to proof of claim 3498 filed by Mario Guerriero, and 2) the objection of Corliss Moore & Associates, LLC, in its capacity as liquidating trustee for the First Lien Term Lenders Liquidating Trust to Guerriero's proof of claim number 3498.

At a hearing on these two matters, the court ruled from the bench that the motion filed by Guerriero for application of Bankruptcy Rule 7023 would be denied, following *In re Circuit City Stores, Inc.*, No. 08-35653-KRH, 2010 WL 2208014 ( Bankr. E.D. Va. May 28, 2010), *aff'd sub nom. Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, 439 B.R. 652 (E.D. Va. 2010).[1] The court took under advisement the issue of the adequacy of the claim as a class claim and the issue of whether Guerriero had included sufficient supporting information in connection with the claim to entitle him

---

[1] Subsequent to hearing, the district court's decision was affirmed sub nom. Gentry v. Siegel, 668 F3d 82 (4th Cir. 2012).

1

to a priority claim in the amount of $10,950 on his own behalf. This opinion constitutes findings of fact and conclusions of law on the Bankruptcy Rule 7023 motion in addition to those announced from the bench, and it also constitutes findings of fact and conclusions of law on the proof of claim issues.

### Findings of Fact

On October 16, 2007, six debtors filed petitions with the court pursuant to chapter 11 of the Bankruptcy Code.[2] Those cases were jointly administered as *In re Movie Gallery, Inc., et al*, Case No. 07-33849-DOT. On April 10, 2008, the court entered an order confirming the debtors' chapter 11 plan. The debtors were able to successfully reorganize, and the confirmed chapter 11 plan became effective on May 20, 2008. The plan included a discharge and various releases and injunctions which enjoined any party holding a claim which arose on or before May 20, 2008, from pursuing that claim against the debtors and certain related third parties.

The current cases constitute the second Movie Gallery, Inc., chapter 11 cases. They were initiated on February 2, 2010, when each of five related debtors filed a petition with the court pursuant to chapter 11 of the Bankruptcy Code.[3] The cases are jointly administered as *In re Movie Gallery,*

---

[2] The six debtors were 1) Movie Gallery, Inc., Case No. 07-33849-DOT, 2) Hollywood Entertainment Corporation, Case No. 07-33848-DOT, 3) M.G. Digital, LLC, Case No. 07-33850-DOT, 4) M.G.A. Realty I, LLC, Case No. 07-33851-DOT, 5) MG Automation LLC, Case No. 07-33852-DOT, and 6) Movie Gallery US, LLC, Case No. 07-33853-DOT.

[3] The five debtors were 1) Movie Gallery, Inc., Case No. 10-30696-DOT, 2) Hollywood Entertainment Corporation, Case No. 10-30695-DOT, 3) Movie Gallery US, LLC, Case No. 10-30697-DOT, 4) MG Real Estate, LLC, Case No. 10-30698-DOT, and 5) HEC Real Estate, LLC, Case No. 10-30700-DOT.

*Inc., et al*, Case No. 10-30696-DOT. Also by order dated February 3, 2010, the debtors retained Kurtzman Carson Consultants, LLC, as their official claims and noticing agent. The court established June 14, 2010, as the general bar date, the deadline by which all creditors, other than governmental units and certain excepted entities, were required to file their proofs of claim in the debtors' chapter 11 cases.[4] The notice of bar dates for filing proofs of claim and a proof of claim form were mailed to: (1) all individuals employed by the debtors between October 16, 2007, and January 26, 2010, which constituted 74,073 individuals; and (2) all individuals employed by the debtors as of January 26, 2010, which constituted 19,058 individuals.[5] Pursuant to the bar date order, the debtors were also directed to give notice of the general bar date by publication in The Wall Street Journal, The New York Times and The Washington Post. The debtors did in fact comply with the above notice requirements.[6]

On June 11, 2010, Guerriero, through counsel, timely filed his claim[7] (No. 3498) with Kurtzman Carson. The claim was filed as an unsecured claim

---

[4] On August 2, 2010, the court established September 1, 2010, as the deadline by which all parties asserting claims entitled to administrative priority status under 11 U.S.C. § 503 and arising after February 2, 2010, the date the case was filed, but prior to July 31, 2010, were required to file administrative claims in the debtors' chapter 11 cases.

[5] See Affidavits of Service filed at Docket Nos. 1095, 1105, 1145, 1179, 1201, 1230, 1250, 1277, 1297, 1354, 1413, 1442, 1455, 1559 and 1936 and the Declaration of P. Joseph Morrow, IV, of Kurtzman Carson Consultants LLC [Docket No. 3214].

[6] *See* affidavits of publication at Docket Nos. 1119, 1120 and 1121.

[7] On schedule F of its bankruptcy schedules, Hollywood Entertainment Corporation also included Guerriero's claim as a general unsecured claim and listed the claim as contingent, disputed and unliquidated.

in the amount of "$10,950/class member" based upon "wages, salaries, and compensation" from October 29, 2005 to the date of filing. Guerriero asserted priority status for the claim under § 507(a)(4) of the Bankruptcy Code. The maximum amount allowed at that time by § 507(a)(4) for priority claims for wages, salaries or commissions was $10,950.

The name of the creditor listed on the claim form is "Mario Guerriero, et al." On its face, the claim does not contain a separate statement that it is being filed on behalf of a class of creditors. However, Guerriero attached to the claim form a copy of a complaint that he had filed in October 2009 in the Superior Court of California, San Diego County, seeking to pursue a class action to recover damages against debtor Hollywood Entertainment Corporation[8] for, among other things, various alleged violations of the California state labor code relative to wages and work conditions. A class was never certified in that California action, and that action was stayed by the filing of the February 2, 2010, bankruptcy petitions.

The debtors filed their initial chapter 11 plan on July 13, 2010. The adequacy of the information in the disclosure statement was approved by the court by order entered on September 10, 2010, and the plan (as amended) was confirmed by order entered on October 29, 2010.

Pursuant to the plan, which became effective on November 18, 2010, substantially all of the debtors' assets were transferred to a liquidating trust

---

[8] Debtor's California lawsuit also named as defendants Game Crazy and DOES 1-50, inclusive.

4

that is now administering the secured, administrative and priority claims filed against the debtors' estates, and a liquidating trustee was appointed. To date, the liquidating trustee has resolved thousands of claims; Guerriero's claim remains as one of only a handful of claims as to which an objection by the debtors or the liquidating trustee has not been resolved.[9]

The liquidating trustee asserts, without opposition, that since the inception of the chapter 11 cases, 13,716 claims have been filed in the cases. Of the filed claims, 3,190 are secured, administrative, or priority claims that must be satisfied from the assets held in the liquidating trust. The docket reveals that as of the date of the filing of Guerriero's motion for application of Rule 7023, the debtors had filed twenty-six omnibus objections to claims, and only four claimants' responses to the omnibus objections remained unresolved. Subsequent to the filing of Guerriero's motion, the liquidating trustee filed three additional omnibus objections to claims.[10] The liquidating trustee has nearly completed administration of the secured, administrative, or priority claims. In addition, the liquidating trustee has distributed approximately $43,000,000, substantially all of debtors' hard assets of value have been liquidated, and the primary matters remaining for the liquidating trustee revolve around collection of outstanding obligations due to the

---

[9] The plan also established a trust for the benefit of general unsecured creditors. That trust, funded with $5,000,000.00, is not at issue here, as Guerriero has asserted priority status for his claim.

[10] It appears from the orders entered on those three omnibus objections that only one claim objected to therein remains unresolved.

5

liquidating trust.

On April 5, 2011, the liquidating trustee filed the "Twenty-Third Omnibus Objection to Claims (Insufficient Support Claims)," which included an objection to Guerriero's priority claim. In the objection, the liquidating trustee asserted that Guerriero had failed to include sufficient information in his proof of claim to entitle him to the amount asserted in the claim. Specifically, the liquidating trustee argued that the proof of claim did not "include sufficient information for the Liquidating Trustee to reconcile the Claims with the books and records that the Liquidating Trustee maintains."

On April 28, 2011, Guerriero filed his response to the liquidating trustee's objection to his claim. In the response, Guerriero did not address the purported class nature of the claim but rather requested that the court overrule the objection on grounds unrelated to Bankruptcy Rule 7023. Specifically, Guerriero argued that under 502(b) of the Bankruptcy Code, "lack of sufficient information" is not an appropriate basis for disallowing a properly filed proof of claim.

At some point between April 28, 2011, and June 2, 2011, at least six months after the confirmation of debtors' chapter 11 plan, the liquidating trustee became aware that Guerriero considered that the claim had been asserted on behalf of a class. At a hearing held on June 2, 2011, Guerriero and the liquidating trustee agreed that the objection would be heard on July 7, 2011, at which time the court would address the newly discovered issue of

whether Guerriero had validly filed his claim on behalf of an entire class of creditors. On June 23, 2011, Guerriero filed his motion for an order applying Bankruptcy Rule 7023 to proof of claim 3498.

At the hearing on July 7, 2011, the court ruled to deny the motion filed by Guerriero for application of Bankruptcy Rule 7023 and took under advisement the issue of the adequacy of the claim as a class claim along with the issue of whether Guerriero had included sufficient supporting information in connection with the claim to entitle him to a priority claim in the amount of $10,950 on his own behalf.

## Conclusions of Law

**I. Application of Bankruptcy Rule 7023**. Federal Rule of Civil Procedure 23 governs class actions and is made applicable in bankruptcy cases, in appropriate circumstances, by Rule 7023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7023. In proceedings other than adversary proceedings, application of Rule 7023 must be requested by motion, pursuant to Bankruptcy Rule 9014(c) ("The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."). Fed. R. Bankr. P. 9014(c). As the issue before the court is not part of an adversary proceeding, the question immediately before the court is whether to grant Guerriero's request that Rule 7023 be made applicable to his claim.

Prior to setting forth its analysis of this issue, the court notes the

7

unsettled status of class claims in bankruptcy in general. The court follows the approach of Judge Mayer in *In re Computer Learning Centers, Inc.*, 344 B.R. 79 (Bankr. E.D. Va. 2006). In that case, he noted that class claims may be proper in a bankruptcy case:

> The threshold question is whether class proofs of claim are ever permitted in bankruptcy cases. As the trustee points out, there is a split of authority on the issue. The Fourth Circuit has not yet addressed the issue. Existing decisions clearly set forth the dueling interpretations of the Bankruptcy Code and need no amplification. See Anno., "Validity of Class Proofs of Claim under Bankruptcy Code of 1978," 99 A.L.R.Fed. 858, 1990 WL 675227 (1990). The better argument appears to be that a class proof of claim can be filed if Rule 7023 is made applicable to the proof of claim under Rule 9014(c). The court will assume, arguendo, that they may be filed if Rule 7023 is made applicable to the proof of claim.

344 B.R. at 85. Importantly, he noted that "although class proofs of claim may be permitted, they are not a matter of right." *Id.* at 85-86.

Subsequent to Judge Mayer's opinion in *Computer Learning Centers*, the Fourth Circuit decided *Gentry v. Siegel*, 668 F.3d 83 (4th Cir. 2012). The court held that "[i]n the absence of some prohibiting rule or principle, the Bankruptcy Rules should be construed to facilitate creditors' pursuit of legitimate claims and to allow Civil Rule 23 to be applied if doing so would result in a more practical and efficient process for the adjudication of claims," *Id.* at 90, thus confirming that in the Fourth Circuit, class claims may be allowed in a bankruptcy case.

However, in deciding *Gentry v. Siegel*, the Fourth Circuit did not say that all proofs of claim for class claims should be allowed in every bankruptcy

8

case. The qualification to its ruling was that the claim might be allowed as a class claim if doing so would produce "a more practical and efficient process for the adjudication of claims." *Id*. Therefore, in considering whether Bankruptcy Rule 7023 should be made applicable to Guerriero's claim, the court must consider the effect of allowing the claim as a class claim.

In both *Computer Learning Centers* and *Gentry v. Siegel*, the courts evaluated whether a Rule 7023 motion should be granted. In *Computer Learning Centers*, the bankruptcy court addressed the issue of when a Rule 7023 motion is timely filed. The court noted that Rule 9014 contains no deadline for filing a Rule 7023 motion but cautioned that:

> [t]his is not, however, license to procrastinate. A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice any party. Early application of Rule 7023 solves the logical problem of filing a class proof of claim before Rule 7023 is made applicable to the prospective class proof of claim and further the policy of an orderly and expeditious administration of the bankruptcy estate.

*Id*. at 89.

After a consideration of the facts before it, the court in *Computer Learning* denied the Rule 7023 motion as untimely. The motion was filed more than four years after the case had been filed. Records of the debtor had been destroyed, lost or transferred. Debtor's employees had been discharged, which deprived the trustee of readily available witnesses as to the merits of the proposed class claim. Claims review had been completed over a multi-year period and was complete after several settlements. The court noted that

9

one such settlement was based in part on the proposed distribution in the case, which had been calculated without knowledge of a potential class action. Finally, the court noted that the creditors and the trustee of the chapter 7 debtor would be prejudiced by such a late commencement of a class claims process.

The Fourth Circuit in *Gentry v. Siegel* evaluated whether the bankruptcy court had abused its discretion in finding that the application of Bankruptcy Rule 7023 was not warranted in that particular case. In upholding the decision of the bankruptcy court that application of Rule 7023 was not warranted in the case, the Fourth Circuit approvingly cited the bankruptcy court's analysis of the systemic virtues of the bankruptcy claims process as well as the specific facts of the Circuit City case itself. The court concluded by noting that "[t]his is not to say, however, that a class action in a bankruptcy case can never be superior. Each bankruptcy case must be assessed on a case-by-case basis to determine whether allowing a class action to proceed would be superior to using the bankruptcy claims process." *Id.* at 94.

The Fourth Circuit noted that a factor that led the bankruptcy court to determine that it would not be appropriate to grant a motion to apply Rule 7023 to the case was that over 15,000 claims had been filed in the case; the bankruptcy court found that the structural mechanisms of the claims process were "well underway" and operating smoothly. Further, the bankruptcy court

10

had found it highly doubtful that any additional claims from potential class members would unduly burden the claims process. Conversely, the bankruptcy court found that allowing class action claims would hamper the administration of the bankruptcy case. *Id*.

Following the analysis of the Fourth Circuit in *Gentry v. Siegel*, this court cannot find that application of Rule 7023 would be in the best interest of the debtor, its creditors, or the bankruptcy estate. As in *Gentry*, the claims process is almost complete and has operated without incident. Notice of the bankruptcy was provided to (1) all individuals employed by the debtors between October 16, 2007, and January 26, 2010, which constituted 74,073 individuals; and (2) all individuals employed by the debtors as of January 26, 2010, thus giving all interested parties who might have been members of the purported class a chance to file a claim in the bankruptcy case. Thousands of claims have been resolved, while only a few claims remain unresolved. In addition, substantially all of debtors' hard assets of value have been liquidated, and a Chapter 11 plan has been confirmed (without objection by Guerriero).

The above factors together lead to no other conclusion than it is far too late to apply Bankruptcy Rule 7023 to the claim filed by Guerriero. Allowing Guerriero's motion at this late stage in the case would serve only to throw the entire administration of the case into chaos. Perhaps had this issue been raised and come to the court's attention at an earlier point in the proceedings,

11

the analysis might have been different, but at this point in the case, such speculation is pointless. The motion to apply Bankruptcy Rule 7023 will be denied.

Guerriero has also argued that the debtors have not given the class claimants any opt-out notice, pursuant to the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable here through Bankruptcy Rule 7023. However, as was the case in *Gentry v. Siegel*, since the court has denied the motion to apply Rule 7023 in the bankruptcy case, the notice provisions of Rule 7023 are inapplicable.

**II. Adequacy of Proof of Claim 3498**. The court having decided that application of Rule 7023 is not warranted in this case, the issue of whether proof of claim 3498 adequately asserts a claim on behalf of a purported class is moot. The only remaining question is whether the claim adequately establishes a valid claim on behalf of Guerriero. The basis of the liquidating trustee's challenge to the claim is that Guerriero failed to include sufficient information in his proof of claim to entitle him to the amount asserted in the claim.

A timely and properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The

presumption of validity may be overcome by the debtor or trustee, thereby shifting the burden of proof back to the claimant. *In re Smith*, 419 B.R. 622, 628 (Bankr. E.D. Va. 2008). The questions before the court in this instance are whether the claim is entitled to the presumption of prima facie validity and whether the liquidating trustee has overcome the presumption of validity and thereby shifted the burden of proof to Guerriero.

The claims process under Bankruptcy Rule 3001 is designed to be speedy and inexpensive. There are two reasons for Rule 3001(f)'s burden-shifting procedure. "First, the attachments required by the rule and form are intended to enable the debtor or trustee to evaluate the claim's amount and validity and to challenge, when necessary, portions of the claim that may be inaccurate. Second, and as significant, the rules governing claims are intended to simplify the claims allowance process and provide a fair and inexpensive process for all parties including creditors." *In re Burkett*, 329 B.R. 820, 827 (Bankr. S.D. Ohio 2005) (citations omitted). While the goal of Rule 3001's presumption of validity obviates the necessity for each claimant to prove his claim by presuming it to be valid, it has never been held that the rule was meant to allow a claimant to assert a disputed claim and thereby shift the burden of disproving that claim onto the debtor. *See e.g. Campano v. Auto Shine Car Wash Systems, Inc. (In re Campano),* 293 B.R. 281, 285 (D. N.H. 2003) ("If the objecting party sufficiently rebuts the claimant's prima facie case, the burden shifts back to the claimant as it is ultimately for the

claimant to prove his claim, not for the objector to disprove it.") (citations omitted).

In this case, the proof of claim filed by Guerriero recites an amount claimed. Attached to the proof of claim is a copy of a complaint filed in a California state court. There is no breakdown in the complaint of the amounts attributable to the claim of Guerriero as to violations claimed, times of violations, and amounts attributable to each violation. In order for the liquidating trustee to provide evidence to counter any allegation of Guerriero, there must be a more definitive statement of the claim. To require the liquidating trustee to speculate as to the elements of the claim is not the purpose of the presumption of validity; here, the liquidating trustee is unable to evaluate the claim's amount and validity and challenge any portion that may be inaccurate.

Guerriero argues that the liquidating trustee has not challenged the validity of the debt. However, the liquidating trustee is not yet in a position to do so, as he points out that 1) Guerriero does not specify that he earned the wages claimed within 180 days of the filing of the case,[11] and 2) Guerriero has not given sufficient facts to support his claim. The liquidating trustee has not yet set forth facts to rebut Guerriero's claim because the claim has not been set forth with specificity. Once Guerriero has done so, the liquidating

---

[11] The court notes that the period for which Guerriero's claim is asserted includes dates prior to debtors' 2007 case, raising questions as to whether any or all amounts now claimed by Guerriero were dealt with in that earlier case.

14

trustee will be in a position to make a substantive response. In light of the above, the court finds that the claim was not properly completed; therefore it may not be considered prima facie evidence of the claim.[12]

Even if the claim were entitled to the presumption of validity, the court finds that the liquidating trustee has successfully shifted the burden of proof back onto Guerriero. The court is influenced by the analysis employed by the Supreme Court in *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000). In that case, the trustee had objected to a proof of claim filed on behalf of the State of Illinois for unpaid use taxes allegedly owed by the debtor. The court viewed the issue of the burden of proof as "critical to the resolution of the case," *Id.* at 19. As the result in *Raleigh* was to require more information from the claimant in the case, the analysis is instructive. The Court noted that the basic rule in bankruptcy cases is that state law governs the substance of a claim and then held that the burden of proof is a "substantive aspect of a claim." *Id.* at 20. In *Raleigh*, the relevant tax law placed the burden on the state, and the Court found no statutory authority to shift that burden. *Id.* at 21. In a footnote, the Court noted that Rule 3001(f) does not address the burden of proof when a trustee disputes a claim. *Id.* at 22, n.2.

In reaching the conclusion that the burden was on the claimant taxing

---

[12] Even though it is not properly a part of Guerriero's claim 3498, the court has reviewed the declaration of Guerriero that is attached to his response to the liquidating trustee's objection to the claim. It contains no amount claimed and does not give specificity as to dates as times of claimed violations. Further, it is impossible to tell from the allegations of the declaration which violations may have occurred within the 180-day period prior to the filing of the bankruptcy cases.

15

authority, the Court put forth the following scenario and analysis:

> Consider the case when tax litigation is pending at the time the taxpayer files for bankruptcy. The tax litigation will be subject to an automatic stay, but the stay can be lifted by the bankruptcy court for cause, see 11 U.S.C. § 362(d)(1), which could well include, among other things, a lack of good faith in attempting to avoid tax proceedings, or in attempting to favor private creditors who might escape the disadvantage of a priority tax claim under the trustee's proposed rule. . . . If the bankruptcy court exercises its discretion to lift the stay, the burden of proof will be on the taxpayer in the pre-existing tax litigation, and a tax liability determination will be final. See 11 U.S.C. § 505(a)(2)(A). We see no reason that Congress would have intended the burden of proof (and consequent vindication of this trustee's vision of equality) to depend on whether tax authorities have initiated proceedings against a debtor before a bankruptcy filing.

*Id.* at 25 (citations omitted).

Applying the Supreme Court's analysis to the current case, had Guerriero not been precluded by the automatic stay from continuing his California lawsuit, the burden of proof would have been on him. The court finds that the arguments raised by the trustee are sufficient to place the burden of proof on Guerriero in this instance. As put by the Supreme Court in *Raleigh*, "[t]here is no reason why [the state] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* at 20. While *Raleigh* dealt with state tax claims, this court finds that it would be an absurd result if a claimant were able to shift the burden of proof to the debtor simply because a debtor sought bankruptcy protection.

The court will defer ruling upon the objection of the liquidating trustee

16

and will allow Guerriero thirty days to amend his claim to set forth with specificity the basis therefor. As was pointed out in *In re McCarthy*, No. 04-10493-SSM, 2004 WL 5683383, at *8 (Bankr. E.D. Va. July 14, 2004), "[b]ankruptcy courts have traditionally been liberal in allowing defective claims to be amended after the claims bar date to cure a defect in the claim as filed or to describe the claim with greater particularity." The liquidating trustee will have thirty days after the filing of any amended claim within which to object to that amended claim. However, if Guerriero chooses not to amend his claim, the claim will lose the benefit of prima facie validity, the liquidating trustee's original objection will be sustained, and the claim will be disallowed.

      A separate order will be entered.

Signed:

                                      /s/ Douglas O. Tice Jr.
                                  CHIEF UNITED STATES BANKRUPTCY JUDGE
                                  EASTERN DISTRICT OF VIRGINIA

COPIES TO:

**Michael A. Condyles**
Kutak Rock LLP
1111 E. Main Street, Suite 800
Richmond, VA 23219-3500

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

**Douglas Scott**
Douglas A. Scott, PLC
1805 Monument Avenue
Suite 311
Richmond, VA 23220

**Nicole R Roysdon**
Cadena Churchill, LLP
701 B Street, Suite 1400
San Diego, CA 92101